627 So.2d 702 (1993)
ELECTRICAL & INSTRUMENTATION UNLIMITED, INC., Plaintiff-Appellee,
v.
McDERMOTT INTERNATIONAL, INCORPORATED, Defendant-Appellant.
No. 93-CA-0363.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1993.
*703 Gunn, Smith & Kastner, Craig L. Kaster, Baton Rouge, for plaintiff-appellee, Electrical & Instrumentation Unlimited, Inc.
Nesser, King & LeBlanc, John T. Nesser, Ill, David S. Bland, Frederick J. Tufts, New Orleans, for defendant-appellant, McDermott Inc.
Before KLEES and LANDRIEU, JJ., and JOHN A. DIXON, Jr., J. Pro. Tem.
KLEES, Judge.
Defendant appeals the Civil District Court's judgment ordering the parties to participate in arbitration. After reviewing the record and applicable law, we affirm.
This appeal stems from over eight years of litigation. On September 5, 1985, plaintiff, Electrical & Instrumentation Unlimited, Inc. (EIU), filed suit against defendant, McDermott International, Inc. (McDermott), for alleged damages resulting from a subcontract between the companies. Before the suit, the parties had been engaged in an offshore drilling enterprise known as the Hermosa project. During the venture, a dispute arose between the parties, and plaintiff left the work site. Plaintiff claims it was forced to leave the premises, while defendant claims plaintiff unilaterally decided to abandon the work site.
The issue on appeal is whether arbitration provisions included in defendant's purchase orders should be given effect. Defendant argues that plaintiff has waived its rights under the arbitration provisions, that plaintiff was presumed to have knowledge of the arbitration provisions, and that enforcement of the arbitration provisions would unduly prejudice defendant. After reviewing the record and applicable law, we believe the trial court was correct in finding that the arbitration provisions should be applied.
Although defendant argues that plaintiff has waived its right to arbitration by the filing of this lawsuit, the law does not mandate such a result. Generally, under La.R.S. 9:4201 and 4202, an arbitration provision in a written contract shall be valid and enforceable. Matthews-McCracken Rutland Corp. v. City of Plaquemine, 414 So.2d 756, 757 (La.1982). Furthermore, where the court finds an agreement to arbitrate and a failure to comply therewith, the court shall order arbitration. Id.
Neither the answering of a judicial demand nor the delay in filing the demand for arbitration necessarily constitutes a waiver of the right to demand arbitration, especially in the absence of prejudice to the opposing party. Id. Seeking relief from the court before demanding arbitration is not determinative of whether the right to demand arbitration has been waived, but is only a factor to be considered. Big River Construction and Remodeling Co. v. University Club I Apartments, 598 So.2d 542, 544 (La. App. 1st Cir.1992). Waiver of a party's right to require arbitration by instituting a court action will depend on the circumstances of each case, and whether the party indeed abandoned his right to insist upon arbitration by resorting to court procedure. Standard Company of New Orleans, Inc. v. Elliott Construction Company, Inc., 363 So.2d 671, 675 (La.1978).
Because of the strong policy favoring arbitration, a party's otherwise explainable conduct should be construed against waiver of the right, and courts have found waiver only in extreme cases. Matthews-McCracken, 414 So.2d at 757. Waiver can be defined as a voluntary and intentional relinquishment of a known claim. Standard Company, 363 So.2d at 675. In the instant case, plaintiff did not voluntarily and intentionally relinquish its right to arbitration.
*704 The arbitration provisions in question, which appear in Article 23 of the Terms and Conditions of defendant's purchase orders, exist in the record only as typed copies of the originals. Plaintiff claims that it was not aware of the arbitration provisions until the parties exchanged exhibits in preparation for trial. Defendant contends that plaintiff was aware of the provisions from the beginning, and even if plaintiff was not aware of the provisions, plaintiff was presumed to have such knowledge.
During the Hermosa project, plaintiff had a main office in Lafayette and a field office at the work site in Morgan City. In November 1984, defendant sent the purchase orders to plaintiff in Lafayette. Plaintiff was required to sign and return the purchase orders to defendant before beginning work.
Each purchase order was two pages in length and included six copies of each page. The first two copies, the original and acknowledgment copies, had the terms and conditions printed on the back. The remaining copies were the same as the first two on the face but did not include the terms and conditions on the back. According to the affidavit of Mr. Julian G. Fears, cost accounting supervisor for defendant, the original and acknowledgment copies were sent to plaintiff. The purchase orders were to be signed by plaintiff and the acknowledgment copies returned to defendant. Mr. Fears claims that the acknowledgment copies were never returned to defendant.
Mr. Barney J. Blanchard, plaintiff's president, testified that plaintiff signed the purchase orders in Lafayette and either copied the top page or kept one of the four back copies for their records. Mr. Blanchard stated that all of the materials were then sent to their Morgan City office which forwarded the purchase orders to defendant. According to Mr. Blanchard, plaintiff was then given permission to begin work.
About ten days after plaintiff left the work site, a hurricane caused Morgan City to be evacuated. Plaintiff has never been allowed to return to their office on defendant's compound in Morgan City to retrieve any records which may have survived the storm.
In the instant case, both parties appear to have done a poor job of record keeping. Although work began on the project, neither party can produce a signed purchase order. Nevertheless, since defendant allowed plaintiff to begin work on the project and never notified plaintiff that the required copies of the purchase orders were never received, we find that the terms of the purchase orders, including the arbitration provisions, should be given effect.
Plaintiff has sufficiently explained why it was not aware of the arbitration provisions. In addition to the hurricane, plaintiff's banishment from its field office in Morgan City made retrieval of any purchase order copies impossible. Furthermore, defendant never provided plaintiff with a copy of the terms and conditions even after extensive discovery.
For a party to waive an arbitration provision, the party must know of the provision's existence. The cases cited by defendant, none of which involve a plaintiff unaware of the existence of arbitration provisions, support this conclusion.
In Sim v. Beauregard Electric Cooperative, Inc., 322 So.2d 410, 415 (La.App. 3rd Cir.1975), the court stated that a party must elect whether he wants arbitration or judicial relief. In our case, plaintiff could not choose between the remedies because it was unaware that an arbitration alternative existed. In the same vein, the court in Lawton v. Cain, 172 So.2d 734, 736 (La.App.2d Cir. 1964) writ refused, 247 La. 1008, 1009, 175 So.2d 299,300 (1965) found that a plaintiff had waived the arbitration provisions in his contract by electing to resolve the dispute by judicial proceedings. Again, plaintiff's knowledge that an arbitration option existed was essential to the court's decision. In Lee v. Blackwell, 286 So.2d 185, 186 (La.App. 4th Cir.1973), this court held that both parties had clearly waived their contractual right to arbitration. In the instant case, the facts are much less clear.
We find that plaintiff has not waived its right to arbitration, and also that defendant will not be prejudiced if arbitration is ordered. The enforcement of the arbitration *705 provisions should come as no surprise to defendant, for their own purchase orders require such a result. Defendant could have avoided its current dilemma if it had provided plaintiff with a front and back copy of a purchase order earlier during discovery.
For the foregoing reasons, the judgment of December 17, 1992, ordering the parties to proceed with arbitration is affirmed.
AFFIRMED.
LANDRIEU, J., respectfully dissents.
LANDRIEU, Judge, respectfully dissenting.
Arbitration is an alternative to litigation and, after eight (8) years of litigation, not an addition thereto.
Finding no fraud on the part of the defendant, I conclude that plaintiff waived its right to arbitration.