632 So.2d 807 (1994)
RAUSCHER PIERCE REFSNES, INC.
v.
Lloyd Cooper FLATT and Victoria May Flatt.
No. 93-CA-1672.
Court of Appeal of Louisiana, Fourth Circuit.
February 11, 1994.
*808 Stewart F. Peck, Nathan P. Horner, Kirk Reasonover, Lugenbuhl, Burke, Wheaton, Peck, Rankin & Hubbard, New Orleans, for plaintiff-appellant.
Kyle Schonekas, George C. Freeman, III, John P. Cerise, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, for defendant-appellee.
Before SCHOTT, C.J., and KLEES and LOBRANO, JJ.
SCHOTT, Chief Judge.
Plaintiff sued defendants for the balance due on a brokerage account. Defendants reconvened for damages under state and federal laws. Plaintiff sought to compel arbitration of defendants' claims. The trial court denied the motion to compel arbitration of the federal claim and plaintiff has appealed. The principal issue is whether the language requiring arbitration of federal claims in the Client Option Agreement between the parties is broad enough to supersede earlier language in the Customer's Agreement which required arbitration of all claims except a federal claim. We reverse and grant plaintiff's motion compelling arbitration.
Plaintiff filed this suit in January 1991 and, after months of delay, subjected defendants to the court's jurisdiction by an attachment of immovable property owned by defendants. They answered the suit in October 1991, and on December 17, 1991, they reconvened for damages under the Louisiana Securities Law, LSA-R.S. 51:701 et seq., § 12(2) of the Federal Securities Act of 1933, breach of fiduciary duty, fraud, misrepresentation, and fraudulent inducement. Plaintiff responded to the reconventional demand with an exception *809 of prematurity and a demand for arbitration under the original Customer's Agreement. Defendants resisted the demand for arbitration on the ground of waiver. In June 1992 the trial court granted plaintiff's motion to compel arbitration of all claims except the federal claim. In November 1992 plaintiff moved for summary judgment to dismiss defendants federal claim and in the alternative to compel arbitration of the federal claim. The trial court denied the motion and plaintiff appealed seeking to compel arbitration of the federal claim.
Before reaching the plaintiff's specification we must first consider defendants' contention that the order denying plaintiff's motion to compel arbitration is not appealable. An appeal may be taken from an interlocutory judgment which may cause irreparable injury. C.C.P. art. 2083. This is such a judgment. If the judgment of the trial court is erroneous and appellant has no recourse in this court the parties would be subjected to a trial in a forum which is without jurisdiction over the matter. Such would constitute irreparable injury.
We note that appellant not only appealed from the judgment, but it also invoked our supervisory jurisdiction by applying for writs in case number 93-C-1640 on the court's docket. The court noted that this appeal was pending and consolidated the writ application with this appeal. Consequently, the case is properly before us by virtue of both supervisory and appellate jurisdiction.
Finally, an appeal from a judgment denying a motion to compel arbitration is not unprecedented. For example, this was the case in Sun Belt Constructors v. Plaquemines Parish, 590 So.2d 832 (La.App. 4th Cir.1991). While the issue was apparently not raised by the parties in that case it is significant that we did not see fit to question our appellate jurisdiction on our own motion.
The principal issue in this appeal is whether there is a contract between these parties which requires arbitration of defendants' federal claim. In August 1987 defendants opened a brokerage account with plaintiff and signed a "Customer's Agreement" governing their relationship. The agreement provided that any controversy between the parties would be settled by arbitration with this exception:
"Not withstanding [sic] the foregoing, you are not required to arbitrate any dispute or controversy that arises under Federal Securities laws, but instead can resolve any such dispute or controversy through litigation in the courts."
In September 1989 the parties executed a second agreement entitled "Client Option Agreement and Approval". This agreement contained the following paragraph:
ARBITRATION:
I agree and by carrying an account for me you agree, that all controversies that may arise at any time between me and you (including your agents and employees) concerning any transaction or otherwise relating, directly or indirectly, to the construction, performance, or asserted breach of this or any other agreement or obligation between me and you whether entered into prior, on, or subsequent to the date hereof, shall be determined by arbitration such arbitration shall be in accordance with the rules then in effect of the New York Stock Exchange, Inc., or National Association of Securities Dealers, Inc. I authorize you to elect between these sponsoring organizations if such election is not made by me by written notice received by you within fifteen days after written notice from you requesting such election. The award of the arbitrators, or a majority of them, shall be final and binding and judgment on the award may be entered in any court having jurisdiction.
While this paragraph clearly requires arbitration of defendants' federal claim along with their other claims, they contend that the inclusion of the paragraph in this special agreement concerning options limits its effect and precludes its extension to the present controversy which does not involve options. Defendants argue principles of law governing the interpretation of contracts which overlook the basic principle that parties are bound to a contract voluntarily made, and, where the words of a contract are clear and unambiguous, no further aid to interpret them is required or warranted. Here there *810 was only one account between the parties and the agreement clearly and specifically calls for arbitration of all controversies arising out of any other agreement between them. This obviously includes the general Customer's Agreement entered into prior to the option agreement.
Both parties agree that this case is governed by the federal arbitration act, 9 U.S.C.A. §§ 1 et seq. as interpreted by the federal courts. In Moses H. Cone Memorial Hosp. v. Mercury Construction, Corp., 460 U.S. 1, 25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983) the court had this to say:
The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.
While we find from the words of the contract no doubt that arbitration of the present controversy was intended, even if some legitimate doubt could be hypothesized the Supreme Court requires resolution of the doubt in favor of arbitration. We have concluded that the trial court erred in denying plaintiff's motion to compel arbitration of the federal claim along with the others asserted by defendants.
Defendants also contend that by choosing to file this suit and litigating extensively before demanding arbitration plaintiff has waived its right to arbitration. The first time defendants raised this issue was in the brief they filed in this court. An issue not raised in the trial court is not properly before the court of appeal. Rule 1-3, Uniform RulesCourts of Appeal; Hibernia Nat. Bank v. Perret, 427 So.2d 604, 607-08 (La. App. 5th Cir.1983).
In any event neither federal nor state law supports defendants' waiver argument in this case. Waiver of arbitration is not a favored finding and there is a presumption against it. Miller Brewing Co. v. Fort Worth Distributing, 781 F.2d 494, 496 (5th Cir.1986). Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party. Miller at 497. A party asserting waiver bears a heavy burden of proof to show that the opponent has waived a contractual right to arbitrate. Walker v. J.C. Bradford & Co., 938 F.2d 575, 579 (5th Cir.1991); Electrical Instrumentation Unlimited v. McDermott, 627 So.2d 702 (La.App. 4th Cir.1993). The party invoking waiver must prove prejudice. Britton v. Co-Op Banking Group, 916 F.2d 1405, 1412 (9th Cir.1990). Participation in litigation standing alone will not constitute waiver. Frye v. Paine, Webber, Jackson & Curtis, Inc., 877 F.2d 396, 398 (5th Cir.1989). Litigation in court is only a factor to be considered but is not determinative of whether arbitration has been waived. Electrical & Instrumentation v. McDermott, supra.
In the present case defendants have failed to carry the burden of proof imposed upon them under the foregoing authorities. There is no evidence in the record to prove they suffered any detriment or prejudice from the litigation. The best that can possibly be said about their unproved allegation of waiver is that for the first time, on the appellate level, they have attempted to create some doubt as to its applicability. But in Moses H. Cone, supra, the Supreme Court specifically held that such a doubt should be resolved in favor of arbitration. There is some significance to the fact that all claims of defendants other than the federal claim were previously refered to arbitration and counsel advised the court during oral argument that the hearing before the arbitrators is scheduled for next month. It would seem to be in everyone's best interest to have all claims resolved by a common tribunal.
Accordingly, the judgment appealed from is reversed and set aside and plaintiff's motion to compel arbitration of defendants' federal claim is granted.
REVERSED AND RENDERED.