695 So.2d 550 (1997)
Danna Dudenhefer, Wife of/and John Joseph MOORE
v.
AUTOMOTIVE PROTECTION CORPORATION.
No. 97-C-0623.
Court of Appeal of Louisiana, Fourth Circuit.
May 21, 1997.
Arthur J. O'Keefe, The Law Offices of Arthur J. O'Keefe, New Orleans, for Respondents.
Francis V. Liantonio, Jr., Johnny L. Domiano, Jr., Adams and Reese, New Orleans, for Relator.
Before LOBRANO, PLOTKIN and WALTZER, JJ.
*551 WALTZER, Judge.

STATEMENT OF THE CASE
This case arises from a dispute concerning a vehicle service contract purchased by respondents, Danna and John Joseph Moore, from relator, Automotive Protection Corporation. Respondents subsequently submitted a claim which relator did not pay, allegedly because respondents failed to provide required maintenance and repair records. On 22 March 1996, respondents sued relator for damages, including repair costs, mental anguish, loss of use of their automobile and attorney's fees and costs.[1]
Counsel for respondents took a preliminary default on June 12,1996. Unaware that a preliminary default had been taken, relator filed a dilatory exception of prematurity, arguing that the contract required that a dispute or denial of payment be submitted to arbitration. Upon learning that a preliminary default had been taken, relator filed an answer and a Motion to Stay the Action and Compel Arbitration. Respondents opposed the motion arguing that relator was in default in proceeding with the arbitration under La. R.S. 9:4202. The trial court denied both the exception of prematurity and the motion for stay and to compel arbitration. Relator seeks supervisory review of that ruling.

ANALYSIS
La. R.S. 9:4202 provides:
If any suit or proceedings be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which suit is pending, upon being satisfied that the issue involved in the suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until an arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with the arbitration.
The failure of a party to arbitrate in accordance with the terms of an agreement may be raised either through a dilatory exception of prematurity demanding dismissal of the suit or by a motion to stay proceedings pending arbitration. State, Through Div. of Admin. v. Algernon Blair, Inc., 415 So.2d 612, 614 (La.App. 3d Cir.1982). Once the court finds an agreement to arbitrate and a failure to comply therewith, the court shall order arbitration. Matthews-McCracken Rutland Corp. v. City of Plaquemine, 414 So.2d 756, 757 (La.1982). [Emphasis in original.] There is a strong presumption in favor of arbitration and against finding a waiver or default. Waiver or default of arbitration has been found where a party having the benefit of a contractual arbitration clause abandons that right by filing suit. Lawton v. Cain, 172 So.2d 734, 737 (La.App. 2d Cir.1964), writs denied 247 La. 1008, 175 So.2d 299 and 247 La. 1009, 175 So.2d 300 (La.1965). This Court found waiver where plaintiff filed suit and defendant did not object to litigation of the claim. Lee v. Blackwell, 286 So.2d 185, 186 (La.App. 4th Cir.1973); see also Quinn Const. Co. v. Savoie, 207 So.2d 229, 234 (La. App. 4th Cir.1968), writ denied 252 La. 117, 209 So.2d 42 (1968). Where a party, 33 months after having filed suit and on the day of trial, asserted a contractual arbitration provision for the first time, the court held that this action combined with a five year delay in filing the motion to stay constituted a waiver of the plaintiff's contractual right to arbitration. Sim v. Beauregard Elec. Coop., Inc., 322 So.2d 410, 415 (La.App. 3d Cir.1975).
Neither the answering of a judicial demand nor a delay in filing a demand for arbitration alone necessarily constitutes a waiver of the right to demand arbitration, especially in the absence of prejudice to the opposing party. The waiver of a party's right to require arbitration by instituting court action will depend on the circumstances of each case, and whether the party indeed abandoned his right to insist upon arbitration by resorting to court procedure. Electrical & Instrumentation Unlimited, Inc. v. McDermott Intern., Inc., 627 So.2d 702, 703 (La.App. 4th Cir.1993), citing Matthews-McuracKen *552 Rutland Corp. v. City of Plaquemine, supra.
Paragraph C(7) of the contract in this case provides that in the event the respondents dispute relator's or the administrator's interpretation of the contract, or the denial of the respondents's, "the dispute or denial shall be resolved by arbitration in accordance with the rules of the American Arbitration Association." The clause further requires that the respondents must request arbitration in writing from relator, or the administrator, within 60 days from the date the respondents receive notice that the dispute cannot be resolved or that the claim has been denied.
It was not clear from the hearing transcript when or if respondents received a definitive denial of their original claims. However, the contract requires respondent, not relator, to request arbitration within the 60 day time period. There is no time limit within which relator is required to request arbitration, unless the delay prejudices the respondents. Respondents allege no prejudice.
Relator has neither waived its right to arbitrate nor defaulted in an arbitration proceeding by unnecessary delay. Respondents have neither alleged nor shown prejudicial delay.

CONCLUSION AND DECREE
For the foregoing reasons, we grant the relator's application for supervisory writ. The trial court is ordered to stay these proceedings and compel arbitration.
WRIT GRANTED. TRIAL COURT ORDERED TO STAY PROCEEDINGS AND COMPEL ARBITRATION.
NOTES
[1] Relator asserts that respondent' original claims have been paid. That fact was not disputed at the hearing on the motion to compel arbitration. The relator further asserts that the vehicle was in use by respondents while the dispute over the claim was ongoing.