866 So.2d 326 (2004)
LINCOLN BUILDERS, INC., Plaintiff-Appellant
v.
RAINTREE INVESTMENT CORPORATION THIRTEEN, et al., Defendants-Appellees.
No. 37,965-CW.
Court of Appeal of Louisiana, Second Circuit.
January 28, 2004.
*327 Storms & Storms, by Richard R. Storms, Tyler G. Storms, Ruston, for Appellant.
Cook, Yancey, King & Galloway, by Curtis R. Shelton, Shreveport, for Cypress Shadows Apartments II, Raintree Investment Corp. Eighteen & Joyce H. Carey.
Dawkins & Carter, by Robert G. Dawkins, Ruston, for Cypress Shadows Apartments I and Cypress Shadows Apartments II.
Vinson & Elkins, L.L.P., by George R. Murphy, III, Kathryn Lynn Hays, Richard J. Reynolds, for Cross Country Management, Inc.; Raintree Investment Corp. Thirteen; Esta Irene Desadier; and Edward Desadier.
Lewis Pace, In Proper Person.
Before BROWN, PEATROSS & LOLLEY, JJ.
PEATROSS, J.
This appeal arises from a trial court judgment denying Lincoln Builders, Inc.'s ("Lincoln Builders") motion to lift a court-ordered stay in its lawsuit against Defendants, Raintree Investments Corporation Thirteen, Raintree Investments Corporation Eighteen, Cypress Shadow Apartments I, A Limited Partnership, Cypress Shadows Apartments II, A Limited Partnership, and various individuals. Lincoln Builders now appeals the judgment of the trial court. For the reasons stated herein, we affirm.

FACTS
On December 29, 1998, Lincoln Builders filed a lawsuit against the aforementioned defendants alleging that they failed to make payment on contracts for the construction *328 of two apartment complexes. Subsequently, on June 8, 2000, Lincoln Builders and the defendants filed a joint motion and order with the trial court, which provided in pertinent part:
On the joint motion of Lincoln Builders, Inc., Federal Insurance Company, Cypress Shadows Apartments, I, A Limited Partnership, Raintree Investment Corporation Thirteen, Esta Irene Desadier, Lewis Pace, Cypress Shadows Apartments, II, A Limited Partnership, Raintree Investment Eighteen, and Joyce Carey, through their undersigned counsel, as evidenced by the signature of their respective undersigned attorneys of record,
IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:
III. Lincoln Builders, Inc., Cypress Shadows Apartments, I, A Limited Partnership, Raintree Investment Corporation Thirteen, Cypress Shadows Apartments, II, A Limited Partnership and Raintree Investment Corporation Eighteen shall participate in a mediation of the dispute pending between them, which mediation shall be held in Ruston, Louisiana; the parties will select a mutually agreeable mediator within two weeks from the entry of this order;
IV. This lawsuit shall be stayed in its entirety and as to all parties herein pending the conclusion of the aforesaid mediation and the arbitration described hereinafter;
V. In the event that the aforesaid mediation does not result in the resolution of the disputes between the parties to this lawsuit, Lincoln Builders, Inc., on the one hand, and Cypress Shadows Apartments, I, A Limited Partnership, and Cypress Shadows Apartments, II, A Limited Partnership, on the other hand shall participate in the arbitration that has been commenced by Lincoln Builders, Inc. with the American Arbitration Association, and each of the parties shall, to the extent that it has not done so, file within thirty (30) days of the conclusion of the aforesaid mediation, its demand for arbitration of any and all claims, rights and causes of action which are required to be arbitrated pursuant to the contracts existing between the parties;
VI. All rights, defenses and exceptions of all parties to this lawsuit, including any exceptions and objections to venue, shall be preserved for determination after the arbitration is concluded and an award is or is not rendered therein, provided, however, that any award made in the arbitration shall be binding in accordance with Louisiana law.
After an unsuccessful attempt at mediation, the matter proceeded to arbitration before the American Arbitration Association ("AAA"). As set forth in the arbitration agreement, three parties were to arbitrate their claims, Lincoln Builders, Cypress Shadows Apartments I and Cypress Shadows Apartments II (hereinafter Cypress Shadows Apartments I and Cypress Shadows Apartments II referred to as "Defendants").
The parties first asked the AAA to hold the arbitration in abeyance pending an agreement between them. The AAA agreed to hold the matter in abeyance for a limited time. Subsequently, the AAA sent a letter, dated July 17, 2002, to all parties, stating, in pertinent part, that:
We note the parties were previously billed $23,933 for estimated Arbitrator fees and expenses. However, since the hearing was cancelled, we ask that each *329 party remit payment of $250.84 to the Association to cover Arbitrator fees and expenses incurred thus far.
The AAA wrote another letter to all parties on December 16, 2002, notifying them that it had not received the payment of $250.84 per party to cover arbitrator compensation incurred up to that point and that, if the payment was not received by December 30, 2002, the case would be considered closed. None of the parties paid any part of their bills owed to the AAA. On January 9, 2003, the AAA closed the case and dismissed the arbitration, citing lack of payment of its fees.
Following the dismissal of the arbitration, Lincoln Builders filed with the trial court a motion to lift the stay on the lawsuit, arguing that the mediation and arbitration had terminated without a resolution of the issues; and, hence, Defendants had waived their right to arbitrate. The parties in the instant case dispute the amount of the arbitration fees and expenses at issue and which party is responsible for those fees and expenses. Lincoln Builders asserts that the AAA presented each of the three parties involved with a bill for $23,933, for a total of $71,799, that had to be paid before the arbitrators would hear the case.[1] It contends that, when it learned that Defendants did not pay their bills, it refused to pay its bill. Lincoln Builders alleges that it would have had to pay the entire $71,799 in order to keep the case open.
The motion to lift the stay was opposed by Defendants. Defendants argue that Lincoln Builders provided no evidence that the AAA had requested Lincoln Builders to pay the entire amount of expenses for all parties involved in the arbitration or that it was required to pay any amount, other than the amount of $250.84, in order to proceed in the arbitration. Defendants further contend that Lincoln Builders did not follow the proper procedure when dealing with arbitration, as set forth in La. R.S. 9:4203, which provides:
The party aggrieved by the alleged failure or refusal of another to perform under a written agreement for arbitration, may petition any court of record having jurisdiction of the parties, or of the property, for an order directing that the arbitration proceed in the manner provided for in the agreement. Five days' written notice of the application shall be served upon the party in default. Service shall be made in the manner provided by law for the service of a summons.
The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not an issue, the court shall issue an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. If the making of the arbitration agreement or the failure or refusal to perform is an issue, the court shall proceed summarily to the trial thereof.
If no jury trial is demanded, the court shall hear and determine the issue. Where such an issue is raised, either party may, on or before the return day of the notice of application, demand a jury trial of the issue, and upon such demand the court shall issue an order referring the issue or issues to a jury called and empaneled in the manner provided by law.
If the jury finds that no agreement in writing for arbitration was made or that *330 there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury finds that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall issue an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.
Defendants urge that this statute provides the proper remedy for Lincoln Builders in that it must petition the trial court for an order directing that the arbitration proceed in the manner provided for in the arbitration agreement.
The trial court rendered judgment denying Lincoln Builders' motion to lift the stay, finding that the stay should not be lifted because Lincoln Builders did not comply with La. R.S. 9:4203, and, further, because Esta Irene Desadier, one of the original defendants in the lawsuit, had filed for bankruptcy and the bankruptcy court had ordered a stay covering any claims filed against her. Lincoln Builders now appeals, raising the following assignments of error (verbatim):
1. The honorable trial judge failed to recognize that the personal bankruptcy of Irene Desadier, an alleged co-debtor, does not affect non-bankrupt co-defendants and does not prevent further proceedings against all other parties in State Court; and
2. The honorable trial judge failed to recognize that a party that obtains an order compelling arbitration and then refuses to pay its portion of fees and expenses, and then does nothing for a significant period of time to effect that arbitration, thereby waives its right to arbitrate, and the order compelling arbitration should be lifted and the case allowed to continue in State Court.

DISCUSSION
We will first discuss Lincoln Builders' second assignment of error. Lincoln Builders argues that Defendants have waived their right to arbitrate due to their delays and their refusal to pay their share of the arbitration fees and costs. It asserts that, because Defendants have waived their right to arbitrate, our court must lift the stay of the lawsuit against Defendants and the other parties it originally sued. We do not agree.
Under Louisiana law, a party who has agreed to arbitrate a claim against another party must abide by that agreement. La. R.S. 9:4201 provides, in pertinent part:
[A]n agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
Lincoln Builders and Defendants agreed to arbitrate this matter. This agreement is irrevocable, unless certain grounds exist to terminate it, none of which exist in this case.
The parties are required, therefore, to resolve their dispute through arbitration, unless a party waives their right to arbitrate the matter. Waiver of arbitration has been defined by our supreme court as a "voluntary and intentional relinquishment of a known claim." Standard Company of New Orleans, Inc. v. Elliott Construction Company, Inc., 363 So.2d 671 (La.1978). Defendants have not voluntarily and intentionally relinquished their right to arbitrate.
In Louisiana, waiver of arbitration is not a favored finding and there is a presumption against it. Lorusso v. Landrieu Enterprises, Inc., 02-2346 (La.App. *331 4th Cir.5/21/03), 848 So.2d 656. A party asserting waiver bears a heavy burden of proof to show that the opponent has waived a right to arbitrate. Electrical & Instrumentation Unlimited, Inc. v. McDermott International, Inc., 627 So.2d 702 (La.App. 4th Cir.1993). There is a strong policy in Louisiana favoring arbitration when it has been agreed to by the parties. Id. Courts in Louisiana have found waiver of arbitration only in extreme cases. Matthews-McCracken Rutland Corp. v. City of Plaquemine, 414 So.2d 756 (La.1982). Even a delay in filing the demand for arbitration would not constitute a waiver of the right to demand arbitration. Id.
In Louisiana jurisprudence, the waiver of arbitration has been limited to those cases where a party insisting on arbitration abandoned its right to arbitration when it resorted to judicial remedies or allowed a significant period of time to elapse before demanding arbitration. Not even the mere answering of a judicial demand, however, has constituted a waiver of arbitration. Matthews-McCracken Rutland Corp., supra. The cases cited by Lincoln Builders, for example, hold that a party who insists on arbitration will have waived its right to arbitrate when it resorted to judicial remedies or it waited too long to demand arbitration. See Hospital Service District No. 3 of the Parish of LaFourche v. Fidelity & Deposit Company of Maryland, 99-2773 (La.App. 1st Cir.1/16/01), 809 So.2d 145, writ denied, 01-0679 (La.4/27/01), 791 So.2d 639; Sim v. Beauregard Electric Cooperative, Inc., 322 So.2d 410 (La.App. 3d Cir.1975); Simpson v. Pep Boys-Manny, Moe & Jack, Inc., 03-0358 (La.App. 4th Cir.4/10/03), 847 So.2d 617; Francis I. duPont & Company v. McMikle, 230 So.2d 677 (La.App. 2d Cir.1970). We find these cases to be inapplicable to the instant case. In the case sub judice, Defendants are the parties insisting on arbitration. Defendants have not resorted to judicial remedies, nor did they wait a significant amount of time to demand arbitration; and, consequently, they have not abandoned or waived their right to arbitrate. Failing to pay arbitration fees, by itself, does not constitute waiver of the arbitration agreement.
Lincoln Builders argues that it is without a remedy in this case and that it has been prejudiced by the delays. That is simply incorrect. Lincoln Builders' proper remedy in this case is to follow the arbitration procedures set forth in La. R.S. 9:4203. We find no proof in the record that Lincoln Builders would have been required to pay the amount of $71,799 in order to continue the arbitration. If Defendants, however, are failing to pay their portion of the fees to the AAA, Lincoln Builders' proper course of action is to seek from the trial court an order directing that arbitration proceed in the manner provided for in their arbitration agreement with Defendants.
We note that neither of the parties comes to our court free from fault. Both Lincoln Builders and Defendants failed to pay their fees to the AAA. We will not allow a party to escape its duty to arbitrate a matter that it agreed to arbitrate by deliberately failing to pay its fee to the arbitrator. In conclusion, we find that Defendants have not waived their right to arbitration and Lincoln Builders will not be prejudiced by having to arbitrate their claim against Defendants. Lincoln Builders' second assignment of error is without merit. In light of our conclusion, we pretermit discussion of Lincoln Builders' first assignment of error.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this *332 appeal are assessed to Lincoln Builders, Inc.
AFFIRMED.
NOTES
[1] In the record, the letter from the AAA, dated July 17, 2002, is the only mention made of $23,933. Neither party provided any evidence of a bill for $23,933 owed by each party.