MICHAEL E. KIRBY, Judge.
Defendant, Formosa Hotel, Inc., appeals the December 20, 2002 trial court judgment in favor of plaintiff, Genghis Khan,[1] Inc., declaring that plaintiff has validly *924 exercised its five-year renewal option under the lease between the parties, ordering defendant to grant the renewal option and denying defendant’s rule for eviction.
On September 11, 2002, plaintiff filed a petition for injunctive relief, declaratory judgment, specific performance and attorney’s fees against the defendant. The allegations in plaintiffs petition are as follows: The defendant owns a hotel located at the corner of Baronne and Common Streets in New Orleans. Prior to September 14, 2001, the plaintiff operated the Genghis Khan Restaurant on Tulane Avenue for twenty-six years. The defendant entered into a lease agreement with plaintiff for plaintiff to operate a restaurant in defendant’s hotel. The term of the lease was for one year beginning on September 15, 2001, with two five-year renewal options. Plaintiff relocated its restaurant to the hotel, and gave timely written notice of its intention to exercise the first five-year renewal option. The defendant acknowledged timely receipt of plaintiffs written intention |¡.to exercise the first five-year option, but refused to allow plaintiff to exercise the option because plaintiff did not tender a $25,000.00 security deposit at the time it gave notice that it was exercising its option to renew. Under the terms of the lease, the security deposit was waived for the first year of the lease. According to plaintiff, nothing in the lease requires that the deposit be paid at the time written notice is given of plaintiffs intention to exercise its option to renew. Plaintiff tendered the deposit to defendant prior to September 14, 2002, but defendant refused to accept it and insisted that plaintiff vacate the premises at the expiration of the first year of the lease, September 14, 2002.
In its petition, plaintiff prayed for judgment enjoining defendant from evicting plaintiff at the expiration of the first year of the lease. Plaintiff further prayed for judgment declaring that it has validly exercised its five-year renewal option under the lease, and affirming that plaintiff is entitled to specific performance and attorney’s fees pursuant to the terms of the lease and costs of the proceedings.
Defendant answered plaintiffs petition and filed a reconventional demand, asking for a summary eviction proceeding with plaintiff ordered to show cause why it should not be ordered to deliver possession of defendant’s premises due to breaches of the commercial property lease and a subsequent addendum.
Following trial on the merits, the trial court rendered judgment in favor of plaintiff and against defendant, declaring that plaintiff has validly exercised its five-year renewal option under the lease between the parties, ordering defendant to grant the renewal option and denying defendant’s rule for eviction. In reasons for judgment, the trial court found that plaintiff fully complied with the deposit and requirements of the lease because the deposit was tendered within the first year of lathe lease. Having found that plaintiff complied with the renewal provisions of the lease, the court found that plaintiff is entitled to injunctive relief to prevent eviction because its alleged non-compliance with the renewal provisions was the defendant’s primary reason for seeking the plaintiffs eviction.
The trial court also rejected defendant’s allegations regarding its additional grounds for eviction based on violations of the written terms of the lease. The court stated that plaintiff countered defendant’s claims with its own claims of broken verbal promises made by defendant to plaintiff. The court evaluated the credibility of the witnesses and found that the plaintiffs witnesses, proprietors Erica Lee and Henry Lee, were credible whereas defense wit *925 nesses Chinli Lee and John Loftin were not. The trial court found that the testimony of those two defense witnesses was contrived to obtain the results they desired.
The defendant now appeals the trial court judgment, arguing that the trial court erred in finding that plaintiff validly exercised its option to renew its lease with defendant. It is undisputed that defendant received plaintiffs May 13, 2002 letter informing defendant that it was exercising the first five-year renewal option. It is also undisputed that plaintiff tendered the $25,000.00 security deposit for the renewal term on August 14, 2002. The first year of the lease ended on September 14, 2002. Defendant’s position is that plaintiff was required under the lease to tender the security deposit at the time it gave written notice of its intention to exercise the option. Plaintiffs position is that the deposit was not due until the completion of the first year of the lease because that is when the option would be actually executed.
In the commercial property lease between the parties executed on August 28, 2001, the section entitled “Options” states in pertinent part:
Provided Lessee is not in default under this lease, Lessee shall have the option to extend this lease for two (2) additional five (5) year periods by notifying Lessor by registered mail or certified mail not later than four (4) months prior to the expiration of the then current lease year.
The section entitled “Security Deposit” states, in pertinent part:
The security deposit shall be waived for the term of the first year of the lease. On the date of execution of the first five (5) year option, Lessee shall deposit with Lessor the sum of $25,000.00 to be held as security for the faithful performance by Lessee of Lessee’s covenants and obligations under this lease.
This case turns on the interpretation of the phrase “date of execution” in the section of the lease entitled “Security Deposit.” In Simpson v. Pep Boys-Manny Moe & Jack, Inc., 2003-0358 (La.App. 4 Cir. 4/10/03), 847 So.2d 617, this Court stated the standard of review for a trial court’s decision based on the interpretation of a contract as follows:
The issue of whether or not the language of a contract is ambiguous is an issue of law subject to de novo review on appeal. Orleans Parish School Board v. City of New Orleans, 96-2664 (La.App. 4 Cir. 9/3/97), 700 So.2d 870. “In the interpretation of contracts, the trial court’s interpretation of the contract is a finding of fact subject to the manifest error rule.” Grabert v. Greco, 95-1781, (La.App. 4 Cir. 2/29/96), 670 So.2d 571, 573. In applying the manifest error rule to the trial court’s interpretation, the Court of Appeal may not simply substitute its own view of the evidence for the trial court’s view, nor may it disturb the trial court’s finding of fact so long as it is reasonable. Syrie v. Schilhab, 96-1027, (La.5/20/97), 693 So.2d 1173. In such cases, appellate review of questions of law is simply to jBdetermine whether the trial court was legally correct. Lakeland Anesthesia, Inc. v. CIGNA Healthcare of LA, Inc., 2001-1059, p. 3 (La.App. 4 Cir. 2/6/02), 812 So.2d 695, 697-698, quoting Bartlett Construction Co., Inc. v. St. Bernard Parish Council, 99-1186 (La.App. 4 Cir. 5/31/00), 763 So.2d 94.
Id., pp. 3-4, 847 So.2d at 621.
Furthermore, La. C.C. article 2056 states, in pertinent part, as follows:
In case of doubt that cannot be otherwise resolved, a provision in a contract *926 must be interpreted against the party who furnished its text.
Witnesses for both plaintiff and defendant testified that counsel for defendant prepared the lease at issue. This fact is undisputed. We find that the lease is ambiguous as to when plaintiff was required to tender the security deposit for the five-year renewal period. This ambiguity in the lease must be construed against the defendant because its counsel prepared the lease. The lease does not include language specifically requiring plaintiff to tender the deposit with the written notice indicating that the renewal option would be exercised. Absent such language, plaintiffs interpretation that the “date of execution” of the option did not occur until the completion of the first year of the lease is a reasonable one. Accordingly, plaintiffs tender of the security deposit prior to the end of the first year of the lease was timely.
For the reasons stated above, we affirm the trial court judgment.
AFFIRMED.
McKAY, J., dissents with reasons.

. Genghis Khan, Inc. is incorrectly spelled Genghis Kahn, Inc. in the petition and caption of this case.