**FIRST MONTAUK SECURITIES CORP., Plaintiff,**

v.

**Joseph MENTER, Defendant.**

**No. 98 Civ. 6636(JSR).**

United States District Court, S.D. New York.

Nov. 17, 1998.

*MEMORANDUM ORDER*

RAKOFF, District Judge.

On October 19, 1998, plaintiff First Montauk Securities Corporation ("First Montauk"), a New York corporation having its principal place of business in New Jersey, moved this Court for a preliminary injunction staying an arbitration proceeding pending before a panel of the National Association of Securities Dealers ("NASD"). Following oral argument, the Court denied First Montauk's motion. This Memorandum Order will formally confirm that ruling, briefly summarize the reasons therefor, and direct dismissal of the Complaint.

First Montauk is one of thirty-one respondents in an NASD arbitration proceeding styled *Joseph Menter v. First Cambridge Securities Corp., et al.,* NASD Case No. 97–01814. Upon being joined in that proceeding, First Montauk submitted to the NASD arbitrators a signed and notarized "Uniform Submission Agreement" that read, in pertinent part:

> The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, cross claims and all related counterclaims and/or third party claims which may be asserted, to arbitration in accordance with the Constitution, By–Laws, Rules, Regulations and/or Code of Arbitration Procedure of the sponsoring organization.

Affidavit of Robert I. Rabinowitz in Support of Motion ("Rabin. Aff."), Ex. H.

The signed Agreement accompanied a motion by First Montauk seeking dismissal on the ground that it was not bound by the

arbitration agreement on which Menter relied. The arbitration panel, however, twice denied this motion, first on April 1, 1998 and again on reconsideration in mid-August, 1998. On September 18, 1998, following the second denial of its motion, First Montauk filed the instant action seeking enjoinment of the pending arbitration and a declaration that it had no obligation to arbitrate Menter's claims.

 The Complaint is of no merit because the Uniform Submission Agreement filed by First Montauk constitutes a valid, binding agreement to submit all issues, including the threshold issue of arbitrability, to the arbitration panel. While "merely arguing the arbitrability issue to an arbitrator does not indicate a clear willingness to arbitrate that issue," *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 946, 115 S.Ct. 1920, 1925, 131 L.Ed.2d 985 (1995), a flat, unqualified, formal agreement to "submit the present matter in controversy ... to arbitration," Rabin. Aff., Ex. H., is "clear and unmistakable evidence," *First Options*, 514 U.S. at 944, that all disputed issues including arbitrability are being submitted to arbitration.

Faced with the clear language of the Submission Agreement, First Montauk argues that it tendered the form "[s]olely for administrative purposes, ... [based on] experience that without the form submission agreement, the NASD staff would not process [the] motion to dismiss." Rabin. Aff. at ¶ 19. This assertion does not aid First Montauk, for at least two reasons.

First, it is hornbook law that the uncommunicated subjective intent of a party is irrelevant in interpreting a contract. *See, e.g., Nycal Corp. v. Inoco PLC*, 988 F.Supp. 296, 302 (S.D.N.Y.1997). Accordingly, the fact that First Montauk had something other than the Submission Agreement's unqualified language in mind is of no consequence.

Second, on First Montauk's own theory, the NASD panel would never have considered the motion to dismiss for lack of arbitrability had First Montauk not first expressly acknowledged the panel's authority to resolve the motion conclusively. Having purposefully misled the NASD arbitrators as to its

intent to submit to a binding ruling on arbitrability, First Montauk may not now seek refuge in the argument that it was only pretending to be bound.

In sum, the Court finds that the Uniform Submission Agreement filed by First Montauk constitutes a valid, binding agreement to submit the question of arbitrability to the NASD arbitration panel. It follows that First Montauk is bound by the arbitration panel's denial of its motion to dismiss. Accordingly, not only must First Montauk's motion for a preliminary injunction staying arbitration be denied but also its Complaint herein seeking both injunctive and declaratory relief must be dismissed with prejudice. Clerk to enter judgment.

SO ORDERED.