**Gordie GREENING, et al.**

v.

**WESTERN RESERVE LIFE ASSURANCE COMPANY OF OHIO.**

Civil Action Number 05–1328–FJP–SCR.

United States District Court,
M.D. Louisiana.

July 20, 2006.

Aub A. Ward, Naquin & Ward, Baton Rouge, LA, F. Lee Bowie, Davidson, Bowie & Sims, Pllc, Jackson, MS, for Plaintiffs.

Thomas K. Potter, III, Jones, Walker, New Orleans, LA, Burton W. Wiand, Katherine C. Lake, Fowler, White, Boggs, Banker, Tampa, FL, for Defendant.

*RULING*

POLOZOLA, District Judge.

This matter is before the Court on de-

fendant's motion for summary judgment.[1] The Court heard oral argument on the motion and took the issue of prescription under advisement.[2] The Court now finds that the Louisiana one year prescriptive period applies under the facts of this case.[3]

Louisiana Civil Code Article 3492 provides: "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." Louisiana Civil Code Article 3499 provides: "[u]nless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years."

The annuities at issue in this case were purchased in 1999 and 2000.[4] Plaintiffs filed their complaint on November 14, 2005.[5] In their complaint, plaintiffs allege that Western Reserve Life Assurance Company ("WRL") breached duties of good faith and fair dealing by knowingly misrepresenting pertinent facts and provisions concerning the variable annuities such as the tax deferral benefits, surrender penalties, payout options, and the agents' 7.25% sales commission. These alleged misrepresentations were made prior to or at the time of the sale of the annuities and were clearly outside the one year limitation. Plaintiffs' attempt to as-

sert a ten year prescriptive period is without merit as a matter of fact and law.

Plaintiffs cite *Klein v. American Life & Casualty Company*[6] for the proposition that where sales of variable annuities are made with fraud, or a misrepresentation, or suppression of truth with the intention of gaining an unjust advantage, a ten year prescriptive period will apply. The Court could not locate such language in the *Klein* case. Rather, the *Klein* case refers to the one and three year peremptive periods under La. R.S. 9:5606.

Plaintiffs' citation to contract cases, detrimental reliance cases, unjust enrichment cases, and quasi-contract cases are irrelevant because plaintiffs' claims are delictual in nature.

■ Defendant correctly cites in its reply[7] Judge Berrigan's discussion in *Tranchina v. Howard, Weil, Labouisse, Friedrichs, Inc.*[8] In *Tranchina*, the court held that a customer's securities claims against a brokerage firm did not assert a breach of a contractual obligation, but rather asserted a breach of a fiduciary duty of the tort variety, warranting a one year prescriptive period.[9] The Court finds that plaintiffs' claims against WRL are also of the tort variety which are barred by the one year prescriptive period.

| David Gallien | May 1, 2000 |
| | June 12, 2000 |
| Mickey Gilcrease | August 17, 1999 |
| | December 17, 1999 |

**1.** Rec. Doc. No. 13.

**2.** Rec. Doc. No. 32.

**3.** The Court has previously granted defendant's motion for summary judgment on plaintiffs' other claims for oral reasons given following oral argument.

**4.**

| Name of Plaintiff | Date of Purchase |
|---|---|
| Gordie Greening | April 19, 1999 |
| Gregory Bonnett | July 30, 1999 |
| | November 16, 1999 |
| | December 17, 1999 |
| Judy Casey | December 23, 1999 |

**5.** Rec. Doc. No. 1.

**6.** 858 So.2d 527, 530–32 (La.App. 1 Cir.2003).

**7.** Rec. Doc. No. 22.

**8.** 1997 WL 472664 (E.D.La.1997), *aff'd per curiam*, 145 F.3d 359 (5th Cir.1998).

**9.** See also *Jolley v. Welch*, 904 F.2d 988 (5th Cir.1990).

■ The Court also finds that plaintiffs may not rely on the doctrine of *contra non valentum* to prevent the running of liberative prescription.[10] Even if the Court were to find that WRL and its agents misrepresented pertinent facts and provisions regarding the variable annuities, plaintiffs had complete access to the correct information prior to the sale. Defendant is correct in arguing that the facts and provisions contained in the prospectuses and contracts were reasonably knowable to plaintiffs.[11] Plaintiffs' argument that the lack of complete disclosure prevented plaintiffs from reasonably knowing of WRL's alleged misrepresentation is without merit under the facts of this case. Plaintiffs also contend that not one of WRL's disclosures would have put plaintiffs on notice of the fact that: (1) if they purchased the variable annuity, and agreed to pay the associated charges for the "beneficial" option to exercise the annuity after five years, and (2) had WRL established a systematic withdrawal plan for monthly "income" payments out of the IRA, that plaintiffs (1) would be unable to exercise the annuitization option without substantial penalties, and (2) would be required to continue paying significant charges for years to come for something that was unavailable to them. This contention is without merit. WRL's disclosures do, in fact, encompass plaintiffs' claims. Perhaps the language used by WRL was not as clear and concise as plaintiffs would have liked, but the disclosure was clearly made and plaintiffs should have known of their claims at the time of purchase. The Court agrees with defendant's argument that plaintiffs' contention that plaintiffs did not have this information available to them until five years after the purchase of the annuities is frivolous. Therefore, plaintiffs' claims for breach of the duty of good faith and fair dealing are prescribed and should be dismissed with prejudice.

■ Under Louisiana law, claims for fraud and misrepresentation are also governed by a one year prescriptive period.[12] For the same reasons set forth above, plaintiffs' claims of fraud are prescribed and should be dismissed. The Court specifically finds that plaintiffs' choice to ignore their investment disclosure documents cannot equate to lack of knowledge sufficient to delay the tolling of prescription.

The Court also notes that plaintiffs failed to set forth the basis of their fraud allegation as required by Rule 9(b) of the Federal Rules of Civil Procedure.

Plaintiffs' claims for breach of the duty of good faith and fair dealing and for fraud are subject to a one year prescriptive period and have prescribed on their face.[13]

---

10. *Cole v. Celotex Corp.*, 620 So.2d 1154 (La. 1993). "The doctrine of *contra non valentem agere nulla currit praescriptio* prevents the running of liberative prescription where the cause of action is not known or reasonably knowable by the plaintiff." *Id.* at 1156.

11. See *Securities & Exchange Commission v. Jakubowski*, 150 F.3d 675, 681 (7th Cir.1998) ["over and over again we say that people claiming to be victims of securities fraud may not claim to rely on oral statements inconsistent with written documents (even tedious prospectuses) available to them."]; *Martinez Tapia v. The Chase Manhattan Bank, N.A.*, 149 F.3d 404, 409 (5th Cir.1998) ["the investor who seeks to blame his investment loss on fraud or misrepresentation must himself exercise due diligence to learn the nature of his investment and the associated risks."].

12. *Simmons v. Templeton*, 723 So.2d 1009, 1012 (La.App. 4 Cir.1998).

13. Since the Court has found that the one year prescriptive period bars these claims, it is not necessary for the Court to consider these claims on their merits.

Therefore:

IT IS ORDERED that defendant's motion for summary judgment be granted on all of plaintiffs' claims.

Judgment shall be entered dismissing plaintiffs' suit with prejudice.

### JUDGMENT

For written reasons assigned;

IT IS ORDERED that plaintiffs' suit is dismissed with prejudice.