993 So.2d 678 (2008)
Curly and Coy BERNARD, Gregory B. Bonnett, Judy F. Casey, Linda S. and Ronald C. Corley, David C. and Jane Gallien, Mickey and Peggy Gilcrease, Gordie Greening, Billy W. and Linda S. House, Roger F. and Mary B. House, George Reed, and Melinda L. Terry
v.
Gregory James HILDEBRAND and Peter E. Dahlstrom.
No. 2008 CA 0268.
Court of Appeal of Louisiana, First Circuit.
August 6, 2008.
*680 Aub A. Ward, Baton Rouge, LA, Lee Bowie, Jackson, MS, for Plaintiffs/Appellants, Curly and Coy Bernard, Gregory B. Bonnett, Judy F. Casey, Linda S. and Ronald C. Corley, David C. and Jane Gallien, Mickey and Peggy Gilcrease, Gordie Greening, Billy W. and Linda S. House, Roger F. and Mary B. House, George Reed, and Melinda L. Terry.
Thomas K. Potter, III, Nashville, TN, Ryan E. Jackson, Baton Rouge, LA, for Defendants/Appellees, Gregory James Hildebrand and Peter E. Dahlstrom.
Before PARRO, KUHN, and DOWNING, JJ.
KUHN, J.
Plaintiffs appeal a trial court judgment dismissing their suit with prejudice. For the reasons that follow, we reverse and remand.

FACTUAL AND PROCEDURAL HISTORY
Plaintiffs herein are employees of Kansas City Southern Railroad and their spouses. They contracted with brokers, Gregory Hildebrand and Peter Dahlstrom, to manage their retirement accounts. Alleging fraud and negligence, plaintiffs filed a claim against their brokers on August 4, 2005 with the Dispute Resolution Division of the National Association of Securities Dealers (NASD) under its Code of Arbitration Procedure. In so doing, each of the plaintiffs voluntarily signed an NASD Arbitration Uniform Submission Agreement that contained the following language:
The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim,... to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.
The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.
* * *
The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement....
Hildebrand and Dahlstrom answered the arbitration, also signing and submitting identical Uniform Submission Agreements. Thereafter, the parties selected an arbitration panel, participated in an initial prehearing conference, and began conducting discovery.
At some point, the arbitration panel requested that the parties produce any pre-dispute arbitration agreement existing between them. Neither of the parties was able to produce such an agreement. Consequently, by letter dated May 19, 2006, the plaintiffs advised the arbitration panel that a pre-dispute agreement could not be found. Plaintiffs further informed the panel that, based upon the lack of any pre-dispute agreement, they were "withdraw[ing] their uniform submission agreements" and requesting that the arbitration proceeding be "dismissed without prejudice."
*681 On May 31, 2006, NASD issued a letter to all of the parties advising them that it had been notified that the parties had "either settled or withdrawn" the matter and informing them that the matter was being removed from the arbitration docket. The letter continued:
If this case has not settled or should not have been withdrawn, please notify this office by June 8, 2006. After June 8, 2006 has elapsed, NASD Dispute Resolution will not reopen this case.
On June 7, 2006, the defendants wrote to NASD forcefully objecting to the plaintiffs' request to withdraw their uniform submission agreements and to have their claims dismissed without prejudice. The defendants argued that the Uniform Submission Agreements constituted binding arbitration agreements in and of themselves. They further argued that because they had answered the arbitration and proceedings were already underway, the plaintiffs' claims could only be dismissed "with prejudice."[1] NASD's response, dated November 16, 2006, provided, in pertinent part, as follows:
The Panel has determined that it does not have the authority to grant a dismissal with prejudice. In addition, the Panel has determined that there is insufficient evidence to grant any additional relief.
NASD Dispute Resolution procedure will permit a "Withdrawal without Prejudice" after Respondents have answered only if the parties agree to a "Withdrawal without Prejudice." Pursuant to NASD Dispute Resolution procedure, this matter has been closed as "Withdrawn with Prejudice."
Pending the foregoing response by NASD, the plaintiffs had filed suit against Hildebrand and Dahlstrom in the Nineteenth Judicial District Court, asserting the same facts and claims that they originally had submitted to arbitration. The defendants responded to the lawsuit by filing a motion to stay and compel arbitration proceedings; however, after receiving NASD's response, the defendants filed a revised motion to stay and to dismiss. Therein, the defendants argued that the Uniform Submission Agreements bound the plaintiffs to arbitrate their claims. They further claimed that NASD's act of closing the arbitration as "withdrawn with prejudice" "operate[d] as an adjudication on the merits." Accordingly, they did not seek to have the trial court compel arbitration, but rather requested that the trial court "mirror" what the arbitration panel did and dismiss the plaintiffs' claims.
Following a hearing, the trial court denied the defendants' motion to stay but granted their motion to dismiss. According to its written reasons for judgment, the trial court concluded that the Uniform Submission Agreements constituted binding, *682 irrevocable agreements to arbitrate. Because the plaintiffs withdrew the matter from arbitration, the forum in which it should have been heard, the trial court decided to dismiss the suit. Thus, on April 12, 2007, the trial court signed a judgment dismissing the plaintiffs' claims with prejudice. Plaintiffs filed a motion for new trial that was subsequently denied. This appeal followed.

DISCUSSION
The purpose of arbitration is to allow parties to achieve speedy settlement of their differences out of court. The positive law of Louisiana favors arbitration, and any doubt concerning the scope of arbitrable issues should be resolved in favor of arbitration. Arkel Constructors, Inc. v. Duplantier & Meric, Architects, L.L.C., XXXX-XXXX, XXXX-XXXX, p. 7 (La. App. 1 Cir. 7/25/07), 965 So.2d 455, 459. Such favorable treatment echoes the Federal Arbitration Act (FAA), 9 U.S.C. § 1, et seq., which unquestionably embodies a liberal federal policy favoring arbitration agreements. Id.
On appeal, plaintiffs argue that the trial court erred in finding that, by virtue of the Uniform Submission Agreements they executed, they were bound to arbitrate their claims. Rather, they contend that a pre-dispute arbitration agreement is required. We respectfully disagree.
Pursuant to LSA-R.S. 9:4201:
A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. (Emphasis added.)
In addition, LSA-C.C. art. 3099 provides:
A submission is a covenant by which persons who have a law-suit or difference with one another, name arbitrators to decide the matter and bind themselves reciprocally to perform what shall be arbitrated.
Louisiana Civil Code article 3102 further states:
Parties may submit either all their differences, or only some of them in particular; and likewise they may submit to arbitration a lawsuit already instituted or only in contemplation, and generally every thing which they are concerned in, or which they may dispose of.
Despite plaintiffs' assertions to the contrary, the plain language of the foregoing provisions clearly allows for post-dispute agreements to arbitrate.[2] Thus, parties may agree to the submission to arbitration of existing controversies without any previous contract to do so. General Motors Corp. v. Pamela Equities Corp., 146 F.3d 242, 246 (5th Cir.1998).
Moreover, numerous courts have found Uniform Submission Agreements containing the exact same language as those executed herein to constitute binding, irrevocable, and enforceable agreements to arbitrate. See Dean Witter Reynolds Inc. v. Fleury, 138 F.3d 1339, 1342 (11th Cir.1998); Benacquisto v. American Express Financial Corp., 373 F.Supp.2d 966, 968 (D.Minn.2005); Mayo v. Dean Witter *683 Reynolds, Inc., 258 F.Supp.2d 1097, 1116 (N.D.Cal.2003); First Montauk Securities Corp. v. Menter, 26 F.Supp.2d 688, 689 (S.D.N.Y.1998). Accordingly, we agree with the trial court's finding that, by virtue of their Uniform Submission Agreements, the plaintiffs obligated themselves to arbitrate their claims against their brokers.
Nevertheless, we do find merit in the plaintiffs' assertion that the trial court erred in dismissing the present matter with prejudice.[3] According to Louisiana's Binding Arbitration Law, LSA-R.S. 9:4201-4217, when a valid arbitration agreement exists, pending an arbitration award, a court is expressly authorized to stay proceedings and/or compel the parties to proceed to arbitration upon the application of one of the parties.[4]See LSA-R.S. 9:4202-4203. Once an arbitration award has been rendered, the award is res judicata and must be confirmed unless grounds are established, in accordance with arbitration law, for the vacation, modification, or correction of the award. See Farmers Cotton Co., Inc. v. Savage, 30,289, p. 4 (La.App. 2 Cir. 6/26/98), 714 So.2d 926, 928, writ denied, 98-2322 (La.11/20/98), 728 So.2d 1288; Louisiana Physician Corp. v. Larrison Family Health Ctr., L.L.C., XXXX-XXXX p. 3 (La.App. 3 Cir. 4/7/04), 870 So.2d 575, 578. Thus, subsequent to the rendition of an arbitration award, a court may only confirm, vacate, or modify and/or correct an award. See LSA-R.S. 9:4209-4211.
An award, ordinarily, concludes and binds the parties as to the merits of all matters properly within the scope of the award and intended by the arbitrators to be finally decided. Housing Authority of New Orleans v. Henry Ericsson Co., 197 La. 732, 756, 2 So.2d 195, 203 (1941). Furthermore, LSA-R.S. 9:4208 requires that an award "be in writing and ... be signed by the arbitrators or by a majority of them." (Emphasis added.) In the instant case, there has been no award.[5] The defendants' argument on appeal that NASD's *684 November 16, 2006 letter constituted an "award" is belied by the fact that defendants did not file a motion to confirm the alleged award or an exception of res judicata in the trial court.
Accordingly, by default, the defendants' remedy in this matter is controlled by LSA-R.S. 9:4202 and 4203. See Lincoln Builders, Inc. v. Raintree Investment Corporation Thirteen, 37,965 (La.App. 2 Cir. 1/28/04), 866 So.2d 326 (where the court refused to lift stay and allow the parties to litigate even though the arbitrator closed the case and dismissed the arbitration prior to the rendition of an award, because the parties had failed to pay arbitration fees. The court noted that the proper remedy in such a situation is set forth in LSA-R.S. 9:4203).
According to LSA-R.S. 9:4202, a court shall stay the trial of an action in order for arbitration to proceed if any party applies for such a stay and shows (1) that there is a written arbitration agreement, and (2) the issue is referable to arbitration under that arbitration agreement, as long as the applicant is not in default in proceeding with the arbitration. International River Center v. Johns-Manville Sales Corp., XXXX-XXXX, p. 3 (La.12/3/03), 861 So.2d 139, 141. Pursuant to LSA-R.S. 9:4203, a party in default is a party who has "fail[ed] or refus[ed] ... to perform under a written agreement for arbitration." Id. In the case sub judice, we find the plaintiffs' withdrawal of their claims to be tantamount to a default.
Pursuant to LSA-R.S. 9:4203, which addresses the "remedy in case of default," the court must determine (1) whether there is a dispute as to the making of the agreement, and (2) whether a party has failed to comply with the agreement. If it determines that those two facts are not in issue, the court "shall issue an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." Because dismissal with prejudice is a result not contemplated by the applicable statutes, we find the trial court's judgment to be in error.[6]

CONCLUSION
Accordingly, we reverse the judgment and remand the matter for further proceedings consistent with the opinions expressed *685 herein. Costs of this appeal are to be shared equally by the parties.
REVERSED AND REMANDED.
NOTES
[1] Page 12 of NASD's Uniform Forms Guide sets forth the general guidelines for the withdrawal of a claim, as follows:

If you wish to withdraw your claim after the claim has been served and filed, but before the respondent has served and filed the answer, you may withdraw the claim without prejudice by informing the respondent in writing and copying the designated NASD Dispute Resolution office and all other parties.
If you wish to withdraw your claim after the claim has been served and filed but after the answer has been served and filed, [sic] by the respondent, you may not withdraw the claim without prejudice, unless the respondent agrees to a withdrawal without prejudice or with the arbitrator(s)' consent.
After you receive the notice that identifies the selected arbitrator(s), you may withdraw your claim without prejudice either with the respondent['s] agreement or with the arbitration panel's consent.
[2] Indeed, pre-dispute arbitration agreements actually were invalid in Louisiana until 1928. See 1928 La. Acts, No, 262. See also Saint v. Martel, 127 La. 73, 98, 53 So. 432, 440 (1910).
[3] The plaintiffs contest the arbitration panel's decision to deem the withdrawal of their claims to be "with prejudice," and, for the first time on appeal, argue that such a designation was improper as to six of the ten plaintiffs who withdrew their claims before the defendants answered the arbitration. The plaintiffs further maintain that, despite the "withdrawal with prejudice," under the arbitration rules, they may still arbitrate their claims albeit with a new case number and arbitration panel. However, whether NASD will allow the plaintiffs to challenge the classification of their withdrawal or to re-file a new arbitration suit are matters to be determined by NASD, not this court.
[4] We are fully cognizant of the jurisprudence stating that the failure of a party to arbitrate in accordance with the terms of an agreement also may be raised through a dilatory exception raising the objection of prematurity, although typically, the exception is often pleaded alternatively or in addition to a party's motions to stay and/or compel, In the event an exception of prematurity is sustained, the suit is dismissed without prejudice. See LSA-C.C.P. art. 933(A).

The defendants herein have not filed a dilatory exception raising the objection of prematurity. Nor can their motion seeking dismissal of the suit with prejudice be construed as one. A suit is premature only if it is brought before the right to enforce the claim sued on has accrued. LSA-C.C.P. art. 423. Moreover, the exception of prematurity is intended merely to retard the progress of the action rather than to defeat it. LSA-C.C.P. arts. 923 and 926. In the instant matter, the defendants simply do not argue that the matter is not yet ripe for judicial determination. Indeed, they argue exactly the opposite.
[5] It would be expected that any award comply with the applicable provisions of the Code of Arbitration Procedure which were not admitted into evidence. We note that the codal provisions submitted by the defendants are only applicable to actions filed on or after April 16, 2007.
[6] On appeal, the defendants posit the alternative argument that the decision in Greening v. Western Reserve Life Assurance Co. of Ohio, 439 F.Supp.2d 612 (M.D.La.2006), is res judicata to the present suit. Although the defendants referenced this argument in their motion to stay and dismiss, we note that they did not file a peremptory exception raising the objection of res judicata in the trial court or in this court. Such an exception must be specially pleaded and cannot be raised by the court on its own motion. LSA-C.C.P. art. 927(B).

Even so, our courts consistently look beyond the caption, style, and form of pleadings to determine from the substance of the pleadings the nature of the proceeding; thus, a pleading is construed for what it really is, not for what it is erroneously called. See Draten v. Winn Dixie of Louisiana, Inc., 94-0767, p. 3 (La.App. 1 Cir. 3/3/95), 652 So.2d 675, 676; Murrell v. Murrell, 42,070, p. 3 (La.App. 2 Cir. 4/25/07), 956 So.2d 697, 700. However, even according the most liberal interpretation to the defendants' motion and assuming that the defendants did properly raise the peremptory exception pleading the objection of res judicata, we find it to be without merit.
Ordinarily, to determine whether res judicata bars an issue, the court should examine both the pleadings and the entire record in the first suit. However, in the present matter, the defendants failed to present any evidence to definitively establish the parties and the claims involved in Greening. Moreover, Greening only dealt with the prescriptive period applicable to the plaintiffs' claims, an issue that has not been raised in the instant suit. Finally, the court in Greening merely ruled that the plaintiffs' claims in that case had prescribed and, therefore, never addressed the merits of those claims.