Judge Marion F. Edwards, Pro Tempore
11 Linda M. Potier sued Morris. Bart, LLC, her former personal injury attorney, for malpractice, contending that it breached the applicable standard of care in connection with its securing of a settlement agreement on her behalf. In response, Morris Bart invoked a binding arbitration clause found within its attorney-client contract with Ms. Potier. In opposing Morris Bart’s request, Ms. Potier argued that the attorney-client contract was adhesionary, and thus unenforceable. The district judge disagreed and stayed Ms. Potter’s malpractice suit on October 9, 2014. Ms. Potier did not seek review of the stay order, and the matter proceeded to arbitration. Ruling against Ms. Potier, the arbitrator concluded that Morris Bart did not breach the applicable standard of care in connection with its representation of Ms. Potier and awarded Morris Bart costs and fees. Soon thereafter, Morris Bart moved to confirm the arbitt’ation award in the district court in accordance with La. R.S. 9:4209. The district judge granted the motion over Ms. Potter’s opposition and signed a final judgment on June 13, 2016, that, among other *119 things, confirmed lathe arbitration award and dismissed Ms. Potier’s claims against Morris Bart with prejudice.
Ms. Potter timely filed a motion for de-volutive appeal from the June 13, 2016 judgment and now asserts that the arbitration award should not have been confirmed because it was error to initially stay the proceedings and send the matter to arbitration. In other words, Ms. Potter seeks to upend the arbitration award by securing a reversal of the October 9, 2014 judgment that stayed the proceedings. We observe, however, that the grounds upon which a district judge may refuse to confirm an arbitration award are statutorily restricted, and that Ms. Potier’s proffered error is not found among those grounds that are listed in La. R.S. 9:4210. We, additionally, observe that Ms. Potier’s grounds for reversing the October 9, 2014 judgment, ie., that she is functionally illiterate and was thus incapable of appreciating the terms of the retainer agreement, were not argued before the district judge at the time she opposed the motion to stay. Generally, issues not raised in the district court will not be given consideration for the first time on appeal. See Rule 1-3, Uniform Rules-Courts of Appeal, Scott v. Zaheri, 2014-0726, p. 14 (La.App. 4 Cir. 12/3/14), 157 So.3d 779, 788. Therefore, we will not consider Ms. Potier’s functional illiteracy argument in connection with our review of the district judge’s stay order. We have, nevertheless, reviewed the order and conclude that the district judge did not abuse her discretion when she ordered this matter stayed. We, therefore, affirm the June 13, 2016 judgment that confirmed the arbitration Raward and dismissed Ms. Potier’s suit with prejudice. We now explain our decision in more detail.
I
We first discuss this matter’s factual and procedural histories. Ms. Potter suffered injury in a December 26, 2011 automobile accident. Her first response, however, was not to contact an attorney. Instead, Ms. Potter first contacted the insurer for the other driver and notified it of her liability claim. She also settled her own property damage claim. And, Ms. Potter further contractually increased the uninsured motorist coverage limits on her own automobile policy after discovering that they were less than she had thought them to be.
Ms. Potter then contacted Morris Bart, who had represented her in connection with personal injury claims on two prior occasions. She spoke with a Morris Bart attorney who discussed with her the retainer agreement, HIPPA forms, and all of the documents Ms. Potter would subsequently receive. Soon thereafter, one of Morris Bart’s non-attorney investigators met with Ms. Potter at her home to secure her signature on the retainer agreement and medical release paperwork.[1] Once the retainer agreement was signed, Ms. Potier’s case was assigned to Raynique Williams, one of Morris Bart’s staff attorneys, who contacted Ms. Potter by telephone on January 24, 2011, the same day she signed the retainer agreement. Notably, Ms. Potier’s retainer agreement contains an arbitration clause.
Ms. Potier’s case was subsequently settled in mediation on June 27,2013. According to the terms of settlement, Ms. Potter received $30,000, i.e., the policy’s limits, from the other driver’s liability insurer and *120 $15,000 in uninsured motorist coverage from Great American, her own insurer. Ms. Williams was also able to persuade Great American, which was also Ms. Potier’s occupational disability provider, to waive its subrogation claim against the settlement, which ensured that Ms. Potier would still be able to pursue her occupational claims against Great American.[2]
On April 30, 2014, Ms. Potier filed suit against Morris Bart claiming that it had breached the applicable standard of care for attorneys in negotiating her settlement. Morris Bart responded by filing a motion to stay pending arbitration, Ms. Potier opposed the motion, which the district judge set for an evidentiary hearing. Although Ms. Potier provided the district judge with an opposition memorandum, she presented no evidence or testimony in support of her argument that the retainer agreement was adhesionary, and thus unenforceable. Morris Bart, however, elicited testimony from Ms. Williams about the signing of the retainer agreement and her representation of Ms. Potier. The district judge granted the motion at the close of the hearing and subsequently signed the stay order on October 9, 2014.
Ms. Potier did not seek supervisory review of the stay order, and the matter proceeded to arbitration. The parties engaged in extensive discovery over the next | ¿fifteen months. The process was capped by a two-day arbitration proceeding wherein seven witnesses testified and forty-nine exhibits were introduced. Ms. Potier, notably, never testified that she did not understand the retainer agreement or that she was forced to sign it. Rather, she acknowledged her signature on the retainer agreement. Following the proceeding, the arbitrator issued an opinion on March 3, 2016, wherein he concluded that Ms. Williams had “met the standard of care required of a Louisiana attorney in representing” Ms. Potier. He also noted that Ms. Williams had properly communicated “relevant legal considerations to Ms. Potier upon which she made an informed and binding decision.” Morris Bart moved to confirm the arbitration award shortly thereafter. Ms. Potier did not oppose the motion to confirm via one of the statutorily listed bases. See La. R.S. 9:4210. Instead, Ms. Potier attacked the October 9, 2014 stay order on the grounds that she was functionally illiterate and could not appreciate the legal contours of the retainer agreement at the time she signed it. The district judge granted Morris Bart’s motion, confirmed the arbitration award, and dismissed Ms. Potier’s claims with prejudice on June 13,2016.
Ms. Potier timely filed a motion for devolutive appeal from the June 13, 2016 confirmation judgment. On appeal, she contends, in her sole assignment of error, that the district judge erred in granting the October 9, 2014 stay order.[3] *121 | (¡Having reviewed the record, however, we conclude that the district judge did not err when she stayed Ms. Potter’s lawsuit or confirmed the arbitration award. We now explain our reasoning in more detail.
II
We address first Ms. Potter’s challenge to the district judge’s October 9, 2014 stay order. The determination as to whether to stay or compel arbitration is a question of law. See Regions Bank v. Weber, 10-1169, p. 3 (La.App. 4 Cir. 12/15/10), 53 So.3d 1284, 1286. Appellate review of questions of law is simply to determine whether the trial court was legally correct or incorrect. See Bolden v. FedEx Ground Package System, Inc., 10-940 (La.App. 4 Cir. 2/16/11), 60 So.3d 679, 685. Thus, we give no deference to a district judge’s decision on a matter of law. See Goodrich Petroleum Co., LLC v. MRC Energy Co., 13-1435, p. 13 (La.App. 4 Cir. 4/16/14), 137 So.3d 200, 207.
Ms. Potter, at this juncture, argues that the district judge erred in staying the proceedings because she is functionally illiterate, and was thus incapable of understanding the ramifications of the retainer agreement and its arbitration clause at the time she signed it. She, however, did not assert this claim at the show-cause hearing on Morris Bart’s motion to stay. We, therefore, forego discussing this argument because Ms. Potter failed to present it first to the trial court. See Rule 1-3, Uniform Rules-Courts of Appeal; Scott v. Zahen, 14-0726, p. 14 (La.App. 4 Cir. 12/3/14), 157 So.3d 779, 88; Rousset v. Smith, 14-1409, p. 10 (La.App. 4 Cir. 9/23/15), 176 So.3d 632, 639. On the other hand, Ms. Potter opposed the stay request on the grounds that the retainer agreement, and thus its arbitration clause, is adhesionary. In the interests of justice, we examine her assignment of error on this basis.
Arbitration is favored under both the Louisiana and the United States jurisprudence. Regions Bank, 10-1169, p. 3, 53 So.3d at 1286. In Lakeland Anesthesia, Inc. v. United Healthcare of Louisiana, Inc., 03-1662, p. 8 (La.App. 4 Cir. 3/17/04), 871 So.2d 380, 387, we stated:
Louisiana courts have recognized a strong presumption in favor of arbitration. Moore v. Automotive Protection Corp., 97-0623, p. 2 (La.App. 4 Cir. 5/21/97), 695 So.2d 550, 551 ... Both the federal and state jurisprudence hold that any doubt as to whether a controversy is arbitrable should be resolved in favor of arbitration.
The Louisiana Supreme Court in International River Center v. Johns-Manville Sales Corp., 02-3060, p. 6 (La. 12/3/03), 861 So.2d 139, 143, acknowledged that the arbitration statute requires that a lower court shall order arbitration “once [the court] finds that there has been an agreement to arbitrate and a failure to comply therewith.” Put differently, the “threshold inquiry a court must decide is whether the parties agreed to arbitrate their dispute, which is a two-fold inquiry: (1) whether there is a valid arbitration agreement, and (2) whether the dispute in question falls within the scope of that agreement ... Under the FAA, any doubt concerning the scope of which disputes are arbitrable should be resolved in favor of arbitration.” Saavedra v. Dealmaker Developments, LLC, 08-1239, p. 7 (La.App. 4 Cir. 3/18/09), 8 So.3d 75, 763 (internal citations omitted). See also Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. *122 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).
The Louisiana statutory provisions for arbitration include La. R.S. 9:4201, which provides:
A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
La. R.S. 9:4202 provides:
If any suit or proceedings be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which suit is pending, upon being satisfied that the issue involved in the suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until an arbitration has been had in accordance' with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with the arbitration, (emphasis added)
The Supreme Court, in Aguillard v. Auction Management Corp., 04-2804, p. 7 (La. 6/29/05), 908 So.2d 1, 7 interpreted La. R.S. 9:4202, stating “that if any suit or proceedings are brought upon any issue referable to arbitration, the court in which suit is pending shall stay the trial of the action pending arbitration.” (emphasis added). “Accordingly, even when the scope of an arbitration clause is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration.” Aguillard, 04-2804 at 908 So.2d at 25. “The weight of this presumption is heavy and arbitration should not be denied |flunless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation that could cover the dispute at issue.” Id. Louisiana’s statutory provisions echo the Federal Arbitration Act, 9 U.S.C. § 1 et seq., and Louisiana courts look to federal law in interpreting the Louisiana arbitration statutes. Firmin v. Garber, 353 So.2d 975, 977 (La. 1977); Regions Bank, 10-1169, p. 5, 53 So.3d at 1286.
The arbitration clause in the retainer agreement at issue provides:
Arbitration of Attorney/Client Disputes
(What happens when you are dissatisfied)
In the event of a dispute between you and MB, LLC and/or any of its employees regarding the interpretation of the terms herein, including but not limited to the management of your case, or any aspect of the attorney-client relationship, including claims of malpractice, you ' and MB, LLC agree that any such dispute shall be resolved by arbitration pursuant to LSA-R.S. 9:4201, et seq. (Others whose interest [sic] are involved may join as a-party in the arbitration so that the entire matter may be resolved at one time.) The parties agree by signing the Retainer Agreement to submit all such disputes to arbitration and any such award made will be as final as court judgment, subject to a strictly limited appeal.
Please be advised that by your agreement to arbitrate any and all future claims and/or disputes against us, you waive your right to a jury trial on those matters subject to arbitration. Further, you are advised that you have a right to independent representation to advise *123 you before you sign this agreement. In the event of a dispute, you must file a demand for arbitration with Mediation Arbitration Professional Systems, Inc. (“MAPS”), which arbitration shall be conducted according to the Rules of Mediation Arbitration Professional Systems, Inc. and by a single arbitrator.
Our examination of the clause indicates that its scope includes the dispute between Ms. Potier and Morris Bart. But, as noted, Ms. Potier argued that the retainer agreement in this case was an adhesionary contract. Although the FAA applies to this contract, Louisiana law governs questions of enforceability and 1 invalidity of the contract itself. See Simpson v. Pep Boys-Manny Moe & Jack, Inc., 03-0358, p. 5 (La.App. 4 Cir. 4/10/03), 847 So.2d 617, 622. Louisiana courts have found that “[generally speaking, a contract of adhesion is a standard contract, usually in printed form, prepared by a party of superior bargaining power for adherence or rejection of the weaker party.” Simpson, 03-0358, p. 5, 847 So.2d at 622. In Golz v. Children’s Bureau of New Orleans, Inc. 326 So.2d 865, 868 (La. 1976), the Louisiana Supreme Court found that contracts of adhesion, which are often in small print, “sometimes raise a question as to whether or not the weaker party actually consented to the terms” but such contracts are not per se unenforceable. See also Simpson, 03-0358, p. 5, 847 So.2d at 622.
Having reviewed the retainer agreement in its entirety, with special focus on its arbitration clause, we conclude that the district judge did not err when she refused to conclude that it is adhesionary. First, neither the retainer agreement nor the arbitration clause, as signed by Ms. Potier, were in small print; rather, both are in identical standard type. Second, Ms. Potier clearly had the option of not signing the agreement and retaining another attorney if she did not wish to be bound to arbitration. Third, the terms of the arbitration agreement are neither unduly burdensome nor extremely harsh. The agreement specifies that all disputes between Ms. Potier and Morris Bart will be resolved by arbitration. Notably, Morris Bart did not except in its favor any claims between it and Ms. Potier from arbitration. It, therefore, bound itself to the terms of the arbitration clause equally |nwith Ms. Potier, The district judge, accordingly, did not err, when it stayed Ms. Potter’s claim and ordered that the matter be arbitrated.
Ill
We now explain why we affirm the judgment that confirmed the arbitrator’s award. We begin with the important premise that arbitration awards are presumed to be valid. See Dicorte v. Landrieu, 08-0249, p. 3 (La.App. 4 Cir. 9/10/08), 993 So.2d 799, 801. A district judge may not vacate an arbitrator’s award unless specifically authorized by statute. La. R.S. 9:4210 provides for four exclusive instances' in which a district judge “shall issue ah order vacating the award”:
A. Where the award was procured by corruption, fraud, or undue means.
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite *124 award upon the subject matter submitted was not made.
An arbitration award, therefore, must be confirmed by a district judge unless the challenging party establishes the presence of at least one of these four statutory grounds. See Johnson v. 1425 Dauphine, L.L.C., 10-0793, p. 7 (La.App. 4 Cir. 12/1/10), 52 So.3d 962, 967. The burden of proof in such a proceeding, therefore, | ii>is on the party attacking the arbitrator’s award. See Carter v. Holdman, 11-1473, p. 4 (La.App. 4 Cir. 5/23/12), 95 So.3d 560, 563.
. A district judge’s review of an arbitration award is extraordinarily narrow. See FIA Card Services, N.A. v. Smith, 44,923, p. 7 (La.App. 2 Cir. 12/22/09), 27 So.3d 1100, 1106. A reviewing court may neither substitute its own judgment for that of the arbitrator nor review the merits of an arbitration award. See Southern Tire Services, Inc. v. Virtual Point Development, Inc., 00-2301, p. 4 (La. App. 4 Cir. 9/26/01), 798 So.2d 303, 306. “An appellate court makes a de novo review of a district court judgment confirming or vacating an arbitration award.” Goodrich, 13-1435, p. 12, 137 So.3d at 207. A district court’s ruling confirming or vacating an arbitration award, therefore, is a legal issue.
In this case, as noted, Ms. Potier’s challenge to the arbitrator’s award was based on none of Section 4210’s exclusive bases, but instead upon the assertion that the district judge erred in granting Morris Bart’s motion to stay. This assertion is not within Section 4210’s ambit.' Ms. Potier, accordingly, did not present the district judge with any statutorily sanctioned ground upon which to vacate the arbitrator’s award. In light of the statutory and jurisprudential law governing the confirmation of arbitration awards, we cannot say that the district judge erred in confirming the March 3, 2016 arbitration award.
DECREE
We affirm the district court’s judgment of October 9, 2014, which stayed Ms. Potier’s claim and ordered that the matter be arbitrated. We, likewise, affirm |T;ithe district court’s judgment of June 13, 2016, which confirmed the March 3, 2016 arbitration award, and dismissed with prejudice Ms. Potier’s claims.
AFFIRMED

. The investigator also provided Ms. Potter with a letter which explained that he was not an attorney and that she was to notify the investigator if she had any questions and that the investigator would then immediately contact one of Morris Bart’s on-duty attorneys for assistance.

. Another attorney, who had been referred to Ms. Potier by Morris Bart, subsequently settled this claim for $90,000.

. We do not think it fatal to Ms. Potier’s appeal that her assault on the confirmation award is premised upon interlocutory error. It is well settled that although an interlocutory judgment may not itself be immediately appealable, it is nevertheless subject to review by an appellate court when a judgment is rendered in the case that is appealable. See Wallace C. Drennan, Inc. v. City of New Orleans, 10-1301, p. 2 (La.App. 4 Cir. 4/27/11), 65 So.3d 705, 706; La. C.C.P. art. 1915 B(2); see also, e.g., Phillips v. Gibbs, 10-0175, p. 4 (La.App. 4 Cir. 5/21/10), 39 So.3d 795, 798. “When an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the final judgment." Roger A Stet-ter, Louisiana Civil Appellate Procedure, § 3:32 (2010-2011 ed.). Here, Ms. Potier’s motion for devolutive appeal clearly indicates *121 that she seeks to appeal the June 13, 2016 judgment, which is unquestionably final and appealable. See La. C.C.P. art. 1841; La. R.S. 9:4215.