NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 CA 0090

DURR HEAVY CONSTRUCTION, LLC

VERSUS

WILLOW GROVE – NORTH, LLC

Judgment Rendered: __AUG 0 6 2024__

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. 726344, Sec. 32

The Honorable William Jorden, Judge Presiding

* * * * *

Luis Etienne Balart
Taylor K. Wimberly
New Orleans, Louisiana
and
Brandon K. Black
C. Parker Kilgore
Baton Rouge, Louisiana

Attorneys for Plaintiff/Appellee
Durr Heavy Construction, LLC


Shelton Dennis Blunt
Kelsey Kornick Funes
Brad M. Boudreaux
A. Paul LeBlanc, Jr.
Anthony J. Gambino, Jr.
Baton Rouge, Louisiana

Attorneys for Defendant/Appellant
Willow Grove – North, LLC

* * * * *

BEFORE: WELCH, WOLFE, AND STROMBERG, JJ.

**STROMBERG, J.**

The defendant, Willow Grove – North, LLC, appeals a judgment of the district court that vacated an arbitration award. The plaintiff, Durr Heavy Construction, LLC, answered the appeal praying that the judgment be modified, revised, or reversed in part as it pertains to the confirmation of the uncontested portion of the arbitration award. For the following reasons, we reverse the judgment of the district court and confirm the arbitration award. We decline to address the answer to appeal due to our holding in this matter.

## FACTS AND PROCEDURAL HISTORY

On December 1, 2022, Durr filed a pleading[1] entitled "APPLICATION PURSUANT TO LOUISIANA REVISED STATUTE 9:4210 TO VACATE ARBITRATION AWARD" against Willow Grove arguing that the district court should vacate the arbitration award rendered on November 8, 2022.[2] In its petition, Durr asserted that it entered into a contract with Willow Grove on March 5, 2020, wherein the parties agreed to arbitration in the event of any contractual disputes. On August 20, 2021, Durr initiated an arbitration proceeding against Willow Grove. The parties arbitrated the dispute on September 26-28, 2022.[3] On November 8, 2022, the arbitrator issued an award, which stated, in pertinent part, the following:

---

[1] Durr attached the parties' contract, the demand for arbitration, and the arbitration award to its pleading.

[2] Louisiana Revised Statutes 9:4210 provides the following:

> In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.
> ****
> D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

[3] We note that none of the arbitration proceedings were transcribed.

2

The parties entered into a contract for relocating and replacing approximately a one-half mile stretch of Dawson Creek in Baton Rouge[,] which included clearing and grubbing, new drainage servitude, backfill of existing servitude, erosion control, 60" ACCMP piping, construction access, and Waskey Bridge demolition[.]

Durr filed a demand against Willow Grove on August 20, 2021 claiming $120,187.89 for breach of contract due to nonpayment, open account, and quantum merit. Willow Grove filed a counterclaim on November 22, 2021 in the amount of $521,500.00 for Durr's failure to complete and/or for defectively performed work. It [was] the position of Willow Grove that Durr [was] not entitled to any of the $120,187.89, and instead owe[d] Willow Grove $521,500.00. Willow Grove also [sought] to have the lien that Durr filed cancelled.

****

Based on the evidence, it is apparent Durr failed to accurately determine how much fill was needed to meet the in-place fill volumes reflected in the plans. Accordingly, the award is as follows:

Durr Heavy Construction, LLC to pay:

| | |
|---|---|
| 1. Cost to complete fill work and achieve final grades | $480,000.00 |
| 2. Performance punchlist items 1-4 | $27,877.66 |
| 3. Cost of maintenance bond | $4,142.00 |
| 4. Estimated cost to perform items 5-10 | $0.00 |
| 5. Minus amounts withheld from Durr pay applications 9 R1 & 10 | ($120,187.89) |
| Subtotal: | **$391,831.77** |

Legal interest is awarded from November 22, 2021 until paid.

It is further ordered that Durr Heavy Construction, LLC cancel its lien.

Attorney's fees are awarded to Willow Grove-North, LLC in the amount of **$96,923.00**.

The administrative fees and expenses of the American Arbitration Association totaling $14,200.00 and the compensation and expenses of the arbitrator totaling $10,513.90 shall be borne by Durr[.] Therefore, Durr ... shall reimburse Willow Grove ... the additional sum of **$16,456.95**, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Willow Grove[.]

Durr alleged that the arbitration award was not based on any agreed contractual terms, rather the award was based on correspondence between the

3

parties before the contract was entered into. Therefore, Durr requested that the district court vacate the arbitration award.

On December 6, 2022, Willow Grove, as the plaintiff-in-reconvention, filed a Motion to Confirm Arbitration Award. In its motion, Willow Grove asserted that pursuant to La. R.S. 9:4209[4] and La. R.S. 9:4212,[5] the district court had jurisdiction to confirm the arbitration award. Willow Grove requested that a contradictory hearing be set at the same time as the hearing on Durr's Application to Vacate Arbitration Award, and that there be judgment rendered in its favor, and against Durr, in the amount of $505,211.72, together with legal interest from November 22, 2021, as well as all court costs incurred by Willow Grove in this matter. Willow Grove further requested attorney's fees against Durr for the filing and prosecuting of its Application to Vacate Arbitration Award.

In support of its motion, Willow Grove filed a memorandum, which asserted the following:

> [t]he record show[ed] that the [a]ward was rendered as a result of a fair and honest [a]rbitration, to which both parties submitted the dispute, which [was] evidenced by the initiation of the arbitration by Durr, and then assertion of the [c]ounterclaim by [Willow Grove]. The [a]ward [was] for damages arising from breach of what the [a]rbitrator found to be Durr's obligations under the [c]ontract, which provide[d] for binding arbitration of disputes between the parties. Therefore, it [was] presumed to be valid. Without any showing by Durr that one of the narrow grounds for challenging the [a]ward [was] met, it must be incorporated into a judgment of the [c]ourt.

Therefore, Willow Grove prayed that the district court grant its motion and that the award be incorporated into a judgment, along with attorney's fees and court costs.

---

[4] Louisiana Revised Statutes 9:4209 provides:

> At any time within one year after the award is made any party to the arbitration may apply to the court in and for the parish within which the award was made for an order confirming the award and thereupon the court shall grant such an order unless the award is vacated, modified, or corrected as prescribed in R.S. 9:4210 and 9:4211. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof.

[5] Louisiana Revised Statutes 9:4212 provides "[u]pon the granting of an order confirming, modifying, or correcting an award, judgment may be entered in conformity therewith in the court wherein the order was granted."

4

On July 26, 2023, Durr filed a memorandum to support its Application to Vacate Arbitration Award pursuant to La. R.S. 9:4210. Durr asserted in its memorandum that based on the contract, both parties were aware that if imported fill was required to meet elevations set forth in the plans, that would constitute a change in conditions and that Willow Grove would be required to purchase it at an additional cost. Durr asserted that the parties executed two change orders to harvest dirt from other areas of the Willow Grove property and use that fill at the old creek. Durr performed this work, but was never paid for it. Having no ability to harvest any more fill from the land, Durr's work was complete under the contract, as amended by the agreed upon change orders. Willow Grove refused to accept the work and attempted to back-charge Durr. The arbitrator awarded $480,000.00 to Willow Grove to complete fill work and achieve final grades. However, Durr argued that this scope of work was excluded by the parties' contract. Durr argued that the arbitrator used extrinsic evidence from years before the contract was executed to determine the contract terms. Specifically, Durr alleged that the arbitrator used extrinsic evidence to interpret an exhibit to the parties' contract, paragraph 9(b) of the proposal, which stated that "[t]his proposal does not provide for any import soils to achieve lines/grades as required by the plans." Durr argued that the arbitrator improperly used a proposal from 2017 that was sent several years before the contract was executed, as well as an email sent months prior to the contract being executed that was not made part of the contract, to interpret paragraph 9(b) of the proposal.

On August 14, 2023, Willow Grove filed an opposition memorandum to Durr's Application to Vacate Arbitration Award. Willow Grove contended that Durr's argument that the arbitrator committed legal error in considering extrinsic evidence to interpret the contract was insufficient grounds to vacate the arbitration award pursuant to La. R.S. 9:4210. Willow Grove asserted that the arbitrator

5

properly considered such evidence due to the ambiguity of the contract related to the obligation to bring in offsite fill. Willow Grove further argued that it was proper for the arbitrator to look at communications that were outside of the contract in order to determine the intention of the parties. Willow Grove asserted that in any case of doubt about the contract, any ambiguity must be interpreted against Durr, who provided the text of paragraph 9(b). Therefore, Willow Grove prayed that the district court deny Durr's Application to Vacate Arbitration Award and that its Motion to Confirm Arbitration Award be granted, along with additional attorney's fees and court costs.

On August 17, 2023, Durr filed a reply memorandum in further support of its Motion to Vacate Arbitration Award pursuant to La. R.S. 9:4210, wherein it argued that the arbitrator had no authority to make such an award not based on the contract between the parties. Despite allegedly finding that Durr "breached" the contract, the arbitrator awarded Durr the balance of the contract price. Durr argued that "[t]his conclusion [could not] be squared with a finding that Durr somehow failed to perform a contractually required scope of work." Durr further argued that contrary to Willow Grove's argument, no such agreement was ever made between the parties for imported fill to finish the job.

On August 21, 2023, the district court held a hearing on Durr's Application to Vacate Arbitration Award and Willow Grove's Motion to Confirm Arbitration Award. After counsel for the parties presented their arguments, the district court made an oral ruling that vacated the arbitration award. On October 12, 2023, the district court signed a judgment granting Durr's Application to Vacate the Arbitration Award, finding that the arbitrator exceeded his power. The district court's judgment denied Willow Grove's Motion to Confirm Arbitration Award. Willow Grove subsequently suspensively appealed the district court's judgment.

6

After the appeal was lodged with this court, Durr filed an answer to appeal, praying that the judgment be modified, revised, or reversed in part as it pertains to the confirmation of the uncontested portion of the arbitration award. Durr alleged that the arbitrator exceeded his authority only with a portion of the arbitration award and that neither Willow Grove nor Durr contested the remainder of the award.

## STANDARD OF REVIEW

The purpose of arbitration is to allow parties to achieve speedy settlement of their differences out of court. **Bernard v. Hildebrand**, 2008-0268 (La. App. 1 Cir. 8/6/08), 993 So.2d 678, 682. Arbitration is favored under both the Louisiana and the United States jurisprudence. **Potier v. Morris Bart, L.L.C.**, 2016-0879 (La. App. 4 Cir. 3/15/17), 214 So.3d 116, 121, writ denied, 2017-630 (La. 6/5/17), 221 So.3d 45. Louisiana's statutory provisions echo the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and Louisiana courts look to federal law in interpreting the Louisiana arbitration statutes. **Firmin v. Garber**, 353 So.2d 975, 977 (La. 1977); **Potier**, 214 So.3d at 122. The district court may vacate, modify, or correct an arbitration award based only on the exclusive grounds specified in La. R.S. 9:4210 and 4211, which do not include errors of law or fact. **DeArmond v. E. Jacob Construction, Inc.**, 2021-0981 (La. App. 1 Cir. 4/8/22), 342 So.3d 77, 80.

The grounds upon which a district court may refuse to confirm an arbitration award are statutorily restricted, and are exclusively listed in La. R.S. 9:4210, providing that a district court "shall issue an order vacating the award":

A. Where the award was procured by corruption, fraud, or undue means.

B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.

C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any

7

other misbehavior by which the rights of any party have been prejudiced.

D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definitive award upon the subject matter submitted was not made.

Louisiana Revised Statutes 9:4211 likewise directs a district court to modify or correct an award in three listed situations:

A. Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

B. Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted.

C. Where the award is imperfect in matter of form not affecting the merits of the controversy.

It is well settled that a district court ordinarily does not sit in an appellate capacity when reviewing an arbitration award, but confines its determination to whether there exists one or more of the specific grounds provided by statute to vacate. **Preis Gordon, APLC v. Chandler**, 2015-0958 (La. App. 1 Cir. 2/26/16), 191 So.3d 31, 36, writ denied, 2016-0590 (La. 5/20/16), 191 So.3d 1067. This court has generally adhered to the exclusivity of the statutory provisions and has not embraced the additional jurisprudentially-created circumstance of "manifest disregard for the law" as a legal basis for vacating an arbitration award. **JK Developments, LLC v. Amtek of Louisiana, Inc.**, 2007-1825 (La. App. 1 Cir. 3/26/08), 985 So.2d 199, 202, writ denied, 2008-0889 (La. 6/20/08), 983 So.2d 1276. Moreover, an appellate court's function is to determine if the arbitration proceedings have been fundamentally fair. **Pennington v. CUNA Brokerage Securities, Inc.**, 2008-0589 (La. App. 1 Cir. 10/1/08), 5 So.3d 172, 176, writ denied, 2008-2600 (La. 1/9/09), 998 So.2d 723. The burden of proof rests upon the party attacking the award. **Preis Gordon, APLC**, 191 So.3d at 36.

8

Arbitration awards are presumed to be valid. See **Mack Energy Co. v. Expert Oil and Gas, L.L.C.,** 2014-1127 (La. 1/28/15), 159 So.3d 437, 441-442. A district court judgment vacating an arbitration award is reviewed *de novo* on appeal, with great deference given to the arbitrator's decision. **Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC,** 2018-1098 (La. App. 1 Cir. 7/11/19), 281 So.3d 9, 12, writ denied, 2019-01455 (La. 11/12/19), 282 So.3d 227. A district court's ruling confirming or vacating an arbitration award, therefore, presents a legal issue. **Potier,** 214 So.3d at 124. An arbitration award must be confirmed by a district court unless the challenging party establishes the presence of at least one of the four statutory grounds listed in La. R.S. 9:4210.

## DISCUSSION

Willow Grove assigns as error that the district court erred in vacating the arbitration award and failing to confirm the arbitration award. Willow Grove asserts that Durr failed to meet its burden of proving that the arbitrator exceeded his authority in accordance with La. R.S. 9:4210(D) by using extrinsic evidence in interpreting the parties' contract. Willow Grove further asserts that the district court applied the incorrect legal standard in determining that the arbitrator exceeded his authority. Specifically, Willow Grove argues that the arbitrator was faced with two different interpretations of the contract, *i.e.,* Durr's interpretation, which focused upon paragraph 9(b) of the proposal; and WGN's interpretation, which focused upon the nature and purpose of a lump-sum contract as well as those provisions of the proposal incorporating Durr's experience with and knowledge of the site and specifying that fill reclaimed from the site would be used to bring the project to grade. Willow Grove asserts that the arbitrator examined extrinsic evidence to resolve any ambiguity in the contract. Even if the arbitrator's conclusion was incorrect, Willow Grove argues that the district court exceeded its

9

judicial review of an arbitration award when it determined that the arbitrator committed legal error in accordance with La. R.S. 9:4210(D).

Durr counter argues that the arbitrator used extrinsic evidence to create a new contract by expanding the contract's scope of work. Specifically, Durr argues that the contract excluded imported fill from its scope of work and price. Durr argues that there is no ambiguity in the contract, as both parties understood that imported fill was excluded from the contract. Therefore, Durr argued that the arbitrator exceeded his authority because neither party consented to the arbitrator awarding a remedy not within the contract.

An arbitrator exceeds his authority only if he acts outside the scope of his contractually delegated authority by issuing an award reflecting his own notions of economic justice rather than drawing its essence from the contract. **Florida Gas,** 281 So.3d at 13. Because the parties bargained for the arbitrator to interpret their contract, a decision even arguably construing or applying the contract must stand, regardless of a district court's view of its demerits.[6] **Id**. By consensually substituting arbitration for litigation, it is presumed that the parties accept the risk of procedural and substantive mistakes of either fact or law by the arbitrator, which mistakes are not reviewable by the district court. **Goodrich Petroleum Co., LLC v. MRC Energy Co.,** 2013-1435 (La. App. 4 Cir. 4/16/14), 137 So.3d 200, 202-203, writ denied, 2014-1199 (La. 9/19/14), 149 So.3d 249. Errors of fact or law do not invalidate a fair and honest arbitration award. **Mack Energy Co.,** 159 So.3d at 442.

In reviewing arbitration awards challenged under La. R.S. 9:4210(D), it is not the role of the judiciary to correct errors of fact or law; therefore, the calculation of damages is beyond our review. **Mack Energy Co.,** 159 So.3d at

---

[6] Misinterpretation of a contract by an arbitrator is not subject to judicial correction. Judges are not entitled to substitute their judgment for that of the arbitrator chosen by the parties. **National Tea Co. v. Richmond,** 548 So.2d 930, 933 (La. 1989); **JK Developments, LLC,** 985 So.2d at 201.

10

442. Thus, we are not revisiting how or why the arbitrator awarded Willow Grove a total award of $505,211.72. Instead, we examine whether the arbitrator had the contractual authority to issue that award. See **Revelry Food Group, LLC v. Nguyen Property Investment, LLC**, 2021-0881 (La. App. 1 Cir. 2/25/22), 340 So.3d 1151, 1156.

After a *de novo* review of the record, we find that the arbitrator's award set forth factual findings and analyzed the parties' claims. Specifically, the arbitrator found the following:

> After Willow Grove received approval from the Corps of Engineers, Durr provided its first bid to relocate Dawson Creek based on the 2009 Ferris plans. That first bid was dated March 9, 2017 and signed by [Durr] in the amount of $2,541,427.76. It listed the unit prices for the items of work to be completed and references clarifications and qualifications which at paragraph 6 states:
>
> > "This material is to be generated from onsite sources (existing berms) to complete the backfilling of the existing channel to line/grades provided by the plans as referenced earlier."
>
> It is apparent at the time of the first bid that [Durr] was familiar with the property where the [p]roject was located and confident there would be enough materials on site for the work.
>
> ****
>
> [Durr] provided a second bid on December 20, 2019 for a lump sum price of $3,844,548.00. Whereupon, [Willow Grove] raised questions concerning a lump sum price as opposed to unit price. [Durr] still felt confident enough on January 2, 2020 to reduce the lump sum price by approximately $350,000.00. It is important to note that in [the] correspondence to [Willow Grove], [Durr] stated:
>
> > "A unit priced project, final cost, is based on how many units of each item are installed upon completion of the project, not a fixed cost proposal. The Owner assumes all the risk in a unit price proposal.
> >
> > The lump sum proposal, Durr assumes the risk that the calculated quantities are sufficient to deliver the project to lines and grades.
> >
> > In addition, the additional cost of a unit price project is based on reoccurring engineering costs to evaluate the quantities provided for payment purposes. Durr['s] proposal includes all engineering and final as-builts..."

11

This language that [Durr] wrote is helpful in understanding the phrase contained in the proposal letter dated January 15, 2020 which was attached to and made part of the contract.

Article 9(b) states:

> "This proposal does not provide for any import soils to achieve line/grades as required by the plans."

Durr's position is that, based on this language, Durr's price did not include for any imported soils to perform the work. Therefore, if the [p]roject required off site fill, it should be at Willow Grove's expense. It is Willow Grove's position that this language is a confirmation of the statement by [Durr] that there was plenty of fill on site to perform the entire project. Thus, there would be no need for any imported fill to complete the [p]roject as designed.

On January 13, 2020, Durr submitted a third bid of $3,500,548.00 which reduced the previous lump sum price by approximately $350,000.00.

****

Durr's contract price did not include for any import materials, and all materials necessary to perform Durr's work could be obtained from the materials on site. This being a lump sum contract, Durr agreed it could and would complete the [p]roject with the materials available on site. Based on the evidence, it is apparent Durr failed to accurately determine how much fill was needed to meet the in-place fill volumes reflected in the plans.

(Internal record references omitted).

We have determined that the arbitrator acted within the scope of authority contractually conferred by the parties in their contract. We find that the arbitrator brought about a final and definite award upon the subject matter submitted, as required by La. R.S. 9:4210. Durr's allegation that the arbitrator misinterpreted the parties' contract is not subject to judicial correction. **Revelry Food Group, LLC,** 340 So.3d at 1157. This type of substantive review of the arbitrator's findings and interpretations of the contract between the parties is simply not contemplated within the scope of La. R.S. 9:4210 and 9:4211. See **Lakeview Home Care, L.L.C. v. Medistar Home Health of Baton Rouge, L.L.C.,** 2014-1374 (La. App. 1 Cir. 3/6/15), 2015 WL 997159, *5 (unpublished). Even if we were to disagree with the arbitrator's decision on the merits, there is no evidence that the arbitrator exceeded or imperfectly executed his powers in this matter, nor is there any

12

evidence of corruption, fraud, undue means, partiality, or other misconduct in the proceedings. **Kyocera Mita America, Inc. v. Key Office Equipment**, 2010-1205 (La. App. 1 Cir. 2/11/11), 2011 WL 766934, *2 (unpublished).[7]

Moreover, we find that there were no grounds for the district court to vacate or modify the arbitration, and this court is prohibited from reviewing the merits of the arbitrator's decision. This court has generally adhered to the exclusivity of the statutory provisions for vacating or modifying an arbitration award and has not embraced the additional jurisprudentially-created circumstance of "manifest disregard for the law" as a legal basis for vacating an arbitration award. See **Inland Marine Services, L.L.C. v. Hamp's Construction, LLC**, 2018-1152 (La. App. 1 Cir. 4/12/19), 2019 WL 1577800, *3 (unpublished), writ denied, 2019-00729 (La. 9/6/19), 278 So.3d 370, cert. denied, 140 S.Ct. 459, 206 L.Ed.2d 121 (2020); **Preis Gordon**, APLC, 191 So.3d at 36. The parties may not seek review of the merits of a case that has been submitted to arbitration by couching their argument in terms of the arbitrator having exceeded his authority. See **JMA Painters, LLC v. McDonnel Group, LLC**, 2022-0732, (La. App. 4 Cir. 7/13/23), 370 So.3d 1130, 1140.

Furthermore, an arbitrator's conclusion drawn from conflicting evidence does not equate to misconduct or use of undue means in resolving disputed facts, and consequently, does not provide a basis for vacating an arbitration award. See **Coastal Industries, LLC v. Arkel Constructors, LLC**, 2021-0906 (La. App. 1 Cir. 9/1/22), 350 So.3d 912, 922, writ denied, 2022-01489 (La. 11/22/22), 350 So.3d 500. Durr's argument as to the arbitrator using extrinsic evidence does not justify modifying or vacating the arbitration award, as it is based on error of law. Errors of fact or law do not invalidate a fair and honest arbitration award. See

---

[7] A district court may well have reached different conclusions as to certain aspects of this case, but we emphasize that a district court may not substitute its conclusions for those of the arbitrator. See **MMR-Radon Constructors, Inc. v. Continental Ins. Co.**, 97-0159 (La. App. 1 Cir. 3/3/98), 714 So.2d 1, 6, writ denied, 98-1485 (La. 9/4/98), 721 So.2d 915.

**Preis Gordon, APLC**, 191 So.3d at 35. Therefore, we find that the district court erred in vacating the arbitration award because Durr failed to satisfy its burden to prove that a statutory basis exists under La. R.S. 9:4210 to vacate the arbitration award.

Next we look to whether Willow Grove's argument falls within the permissible grounds for confirming an arbitration award. Willow Grove argues that the district court erred in denying its Motion to Confirm Arbitration Award. Our jurisprudence is well-settled that "[b]ecause of the strong public policy favoring arbitration, arbitration awards are presumed to be valid." **Mack Energy Co.**, 159 So.3d at 441-442. This presumption is rooted in the longstanding recognition that arbitration is intended to speedily determine disputes and controversies by quasi judicial means, thus avoiding the formalities, the delay, the expense, and the vexation of ordinary litigation. **Mack Energy Co.**, 159 So.3d at 442. Unless grounds for vacating, modifying, or correcting the award are established, the award must be confirmed, and the burden of proof is on the party attacking the award. **Louisiana Physician Corp. v. Larrison Family Health Center, L.L.C.**, 2003-1721 (La. App. 3 Cir. 4/7/04), 870 So.2d 575, 578. As discussed above, Durr has not raised any valid issues challenging the arbitration award in accordance with La. R.S. 9:4210. Accordingly, after a *de novo* review, we find that the district court erred in denying Willow Grove's Motion to Confirm Arbitration Award. See **Chase Bank USA, N.A. v. Roach**, 2007-1172 (La. App. 3 Cir. 3/5/08), 978 So.2d 1103, 1104.

## CONCLUSION

For the foregoing reasons, we reverse the district court's October 12, 2023 judgment granting Durr Heavy Construction, LLC's Application to Vacate Arbitration Award and denying Willow Grove – North, LLC's Motion to Confirm Arbitration Award. We grant Willow Grove – North, LLC's Motion to Confirm

14

Arbitration Award. Costs of this appeal are assessed to Durr Heavy Construction, LLC.

**REVERSED AND RENDERED.**